# Chamberlin *against* Hite.

A plea in abatement cannot be put in after a general imparlance.  If the defendant wish to preserve his right to such a plea, he must reserve it by asking a special imparlance, and have the reservation entered on the record.

It is error to permit the plaintiff to amend his declaration by adding a new party.

ERROR to the district court of *Alleghany* county.

This was an action of debt on a promissory note by Ormsby Hite & Co. against Jason Chamberlin.   The declaration was in assumpsit in common form.   The defendant pleaded *nil debet, non est factum,* payment, &c.; afterwards, he pleaded in abatement, that Thomas Hite was a partner of Ormsby Hite, and should have been joined in the action.

Upon the jury being called to try the cause, the court refused to permit them to be sworn on the plea in abatement; and the defendant excepted.   The defendant then withdrew his plea of payment and pleaded *non assumpsit.*   The plaintiff, after proving the execution of the note, offered it in evidence; the defendant objected

[Chamberlin v. Hite.]

to it, on the ground that the plaintiff had proved the existence of a partner, whose name was not contained in the writ or declaration. The court sustained the objection: whereupon, the plaintiff moved the court for leave to amend his declaration by striking out of it the word " company," and inserting " Thomas Hite, partners in trade, under the firm of Ormsby Hite, & Co.;" which was allowed, and the defendant excepted. Verdict for the plaintiff, 729 dollars 37 cents.

*Craft*, for plaintiff in error, cited Wilson *v.* Wallace, 8 *Serg. & Rawle* 53; Baker *v.* Jewell, 6 *Mass.* 460; Hart *v.* Fitzgerald, 2 *Ibid.* 509; Kincaid *v.* Howe, 10 *Ibid.* 203 ; Thompson *v.* Hoskins, 11 *Ibid.* 419; 2 *Camp.* 548.

*M'Candless* and *Fetterman*, contra, cited Morse *v.* Chase, 4 *Watts* 458.

The opinion of the court was delivered by

ROGERS, J.—A plea in abatement cannot be put in after a general imparlance; and if the defendant wish to preserve his right to such a plea he must vary his form of prayer, by making it with the reservation of his right, and asking a special imparlance, which must be entered on the record.   3 *Bl. Com.* 301; 2 *Saund.,* 2 *r*; 2 *Browne* 173, 176 ; 2 *Dall.* 184, 263.   Nor can it be pleaded after a plea in bar ; and if a plea in abatement be put in after a plea in bar, the plaintiff is not bound to reply to it.   2 *Serg. & Rawle* 537; 4 *Ibid.* 238.   And it is said, by Gibson, J., in Stoever *v.* Gloninger, 6 *Ibid.* 69, that it ought to be put in within four days after the declaration has been delivered.   Dilatory pleas are not favoured, and must therefore be pleaded in a preliminary stage of the suit, unless under special circumstances, of which the court will judge.   But it is said, that the plea of *nil debet* was a nullity; and, as such, the plaintiff might have signed judgment for want of plea.   And, although this may be so, yet it does not follow that the defendant, who made this slip in pleading, may treat it as a nullity.   A sham plea can only be got rid of on motion; and the court would not grant leave to withdraw such plea to enable the defendant to plead a dilatory plea.   There was, therefore, no error in refusing to swear the jury upon the plea in abatement.

But the court, after rejecting the note on which the suit was brought, granted leave to the plaintiff to amend his declaration by adding a new party to the record; and for this there is no authority either at common law or in the statutes of amendments, and it is directly in opposition to the decision of the supreme court in Wilson and Wallace, 8 *Serg. & Rawle* 53.   So far as this point is involved we perceive no distinction between the cases.   We think, on the authority of Wilson *v.* Wallace, the court erred in allowing the amendment.   We do not wish to be understood as intimating an

[Chamberlin v. Hite.]

opinion on the decision of the court in rejecting the note on the pleadings, as they stood before the amendment. The plaintiff, instead of excepting, thought proper to waive all objections by praying to be admitted to amend his declaration.

Judgment reversed, and a *venire de novo* awarded.