WILLIAM A. LAKE, appellant, *vs.* SIMEON W. MORSE and BENJAMIN CONNELLY, for the use of William Fordham, appellees.

## *Appeal from Kane.*

It is a general rule, that Courts will not allow amendments which change the parties to the action, unless there is something in the record to amend by. This is more especially the rule in relation to amendments changing the plaintiffs in the action.

This suit was originally commenced before a justice of the peace of Kane county, on the 2d day of October, 1849. The summons issued by the justice, commanded the constable to summon the defendant to answer the complaint of *S. M. More* and B. Connelly, for the use of William Fordham. There was no appearance by the defendant before the justice. The justice ren-

dered judgment against the appellant in favor of S. M. More and B. Connelly, for the use of William Fordham, for the sum of ninety dollars. The defendant appealed to the Circuit Court, and filed his appeal bond in proper form, payable to S. M. More and B. Connelly, for the use of Fordham. On the trial, in the Kane Circuit Court, March term, 1850, the plaintiffs and defendant appeared, waived a jury, and submitted the cause to the Court for trial. The plaintiffs, to maintain the issue on their part, offered in evidence a note, in the words and figures following, to wit:

*" July 8th*, 1849.

" Thirty days from date, I promise to pay Morse & Connelly or bearer, *eight seven* dollars, and interest at six per cent., for value received. W. A. LAKE."

Defendant objected to the note, because it was not payable to plaintiffs, and showed no indebtedness from defendant to the plaintiffs. The plaintiffs moved the Court to amend the summons of the justice, the transcript, and the docket of the Circuit Court, by inserting, in lieu of the names of S. M. More and B. Connelly, the names of Simeon W. Morse and Benjamin Connelly. The Court allowed the amendment. The defendant objected thereto, and the original summons, the transcript of the justice, and the record of the Circuit Court, were severally amended, by striking out the names of S. M. More and B. Connelly, wherever the same appeared, and inserting in lieu thereof Simeon W. Morse and Benjamin Connelly. The defendant thereupon refused to make any further appearance: whereupon the Court proceeded to try the cause without a jury; and the plaintiff proved that Simeon W. Morse and Benjamin Connelly, were, at the time of the date of the note aforesaid, and still are partners, under the name and style of Morse & Connelly. The note was read in evidence. This was all the evidence. The Court, T. L. Dickey, Judge, found for the plaintiffs $91 35. Plaintiffs then remitted $11 48. Defendant then moved in arrest of judgment. Motion overruled. The assignment of errors questions the correctness of the decision, in allowing the amendment to the papers, so as to substitute new parties plaintiffs; and second, in trying the cause, after substitution, without a jury—the defendant not appearing.

GLOVER & COOK, for appellant.

E. S. LELAND, for appellees.

Opinion by TREAT, C. J.:

In our opinion, the Circuit Court erred in allowing the amendment. It was, in fact, changing the parties to the action, without anything appearing in the case to justify it. Amendments are always allowed, where there is anything to amend by, and injustice will not result to the other party. This was not the case of a mistake or misprision, which was within the provisions of the statute of amendments and jeofails. The common law did not permit amendments of this character, and we have no statute that authorizes them to be made. The general rule seems to be well established, that Courts will not allow amendments to be made, which change the parties to the action, unless there is something in the record to authorize the amendment. And especially is this the rule in relation to amendments that change the plaintiffs in the action. The following authorities are direct to the point, that it is not competent to change the names of the plaintiffs, unless there is something to amend by—something in the record to show that what is sought by the amendment was originally designed, but has been omitted by mistake or misprision. Willink *vs*. Renwick, 22 Wendell, 608; Peck *vs*. Sill, 3 Connecticut, 157; Albers *vs*. Whitney, 1 Story's Rep., 310; Wilson *vs*. Wallace, 8 Sargeant and Rawle, 53; Chamberlain *vs*. Hite, 5 Watts, 373. In the case of Maxcy *vs*. Padfield, 1 Scammon, 590, it was decided that the Circuit Court could not amend the papers, in an appeal from the judgment of a justice of the peace, by striking out the name of one of the defendants in the Court below. If a mistake has been made in the names of the plaintiffs, and there is nothing in the record to authorize its correction, the only course is to dismiss the suit, and commence a fresh action. It would, perhaps, be well that Courts should possess the power to allow amendments in all cases, where justice would be promoted thereby; but it cannot be assumed without the authority of statute. The case of Brace *vs*. Benson, 10 Wendell, 213, is not in point. In that case, the christian name of one of the plaintiffs was allowed to be changed, so as to conform to a written request for process, delivered to

the justice before the process was issued. There was something to amend by. Nor is the case of Shirtliff *vs.* The People, 2 Scammon, 7, in point. In that case, the original process clearly authorized the amendment.

The judgment must be reversed, with costs.

*Judgment reversed.*