## William Final v. Absalom Backus.

*Setting aside of default: Discretion of Court: Common Law Record.* The setting aside of a default, and the proceedings based thereon, by the Circuit Court, pertains exclusively to the practice of such court, and forms no part of a common law judgment-record. It constitutes no ground of allegation of error,

*Amendments: Power of Circuit Court: Name of Party.* Under the Statute—*2 Comp. L.* §*4,415*—allowing amendmets, the Circuit Court has power to permit the incorrect statement of the name of a party to the record, to be amended.

In this case, the plaintiff's name was erroneously stated in the writ as "Absolem Baxter," instead of "Absalom Backus."

*Assignment of right of action for tort: General rule: Exceptions.* As a general rule, the right of action for a tort is not the subject of assignment. But the rule applies only to those torts which are merely personal, and which, on the death of the person wronged, die with him.

Rights of action for such torts as survive to the personal representatives may be assigned so as to pass an interest to the assignee, which he can enforce by suit at law.

The assignee of a demand, originating in favor of an assignor, for the conversion of logs obtained by a trespass upon certain land granted to the assignee may bring trover in his own name.—*2 Comp. L. 4159; Sess. Laws, 1863, p. 102.*

*Evidence, presumption as to existence of, on the trial: Record.* When no objection was made to the introduction of certain deeds, *held,* that this court would not consider the objection that it did not appear that the grantors in the deeds owned the land described therein; and the Court will not assume, in the absence of evidence in the record, that their relevancy did not appear.

*Conveyance: Title of acknowledging officer: Certificate of execution.* The only description of official character of the person acknowledging a deed in New York was "J. P." appended to his name.

The certificate prescribed by statute as to execution of deeds in other states was attached, and in due form, and also contained an attestation of the official character of said acknowledging officer as a Justice of the Peace. *Held* competent evidence.

*Trover: Time of conversion: Value.* Prior to the assignment of the right of action in this case, the logs in question were removed from Sanilac county, the

place of cutting, to an adjoining county (Saginaw) and there manufactured into lumber.

In an action of trover for their conversion, the plaintiff offered evidence tending to show the value of the logs in Saginaw. *Held* competent.

Although the owner of the land from which they were taken might have have treated their removal as a conversion, he was not compellable to do so, but could have followed the logs and reclaimed them at Saginaw.

The plaintiff, therefore, had a right to treat the time of the manufacture of the logs into lumber, as the period of conversion.

*Written evidence: Oral evidence to the same point, effect of.* Where written evidence was introduced, showing the time of the purchase of certain land upon which a trespass had been committed, and oral evidence to the same point was admitted; *held*, that though unnecessary, it could not prejudice the defendant.

*New Trial: Discretion of Court: Record.* The granting of motions for new trials is in the discretion of the Court, and constitutes no part of the record.

*Heard April 16. Decided April 20.*

Error to Saginaw Circuit.

This was an action of trover to recover the value of certain logs.

The summons erroneously described the plaintiff as Absolem Baxter.

In the declaration the true name was given; to wit, Absalom Backus.

The default of plaintiff was duly entered by defendant and made absolute, on the ground that no declaration had been filed corresponding with the title of the plaintiff as described in the summons.

Subsequently, the Court granted the defendant leave to amend the writ by inserting the true name of plaintiff.

The default of plaintiff was thereupon set aside.

The cause proceeded to trial, and the jury rendered a verdict for plaintiff.

The defendant moved for a new trial for the reasons:

First: That the Court admitted irrelevant and incompetent testimony.

Second: That the verdict of the jury was against the weight of testimony.

Third: That the verdict was excessive.

The motion was overruled and judgment was entered for plaintiff.

Upon the trial the plaintiff offered in evidence a copy of a certain deed of conveyance. The defendant objected because there was no subscribing witness, and because there was no proof of the execution of the deed, or otherwise, to entitle it to be received in evidence. The certificate of the proper officer was attached thereto, and complied with the provisions of the statutes of Michigan regarding such conveyances.

The Court overruled the objection, and the defendant excepted.

The plaintiff, further to maintain and prove the said issue, offered in evidence a copy of a certain other deed.

The plaintiff then offered a certain other deed in evidence.

The defendant objected, because there was no subscribing witness and no proof of its execution, and because its execution did not appear to have been acknowledged before any officer authorized by law to take the same: the initials "J." P. being attached to his name.

The certificate of the proper officer was attached to the deed and complied with the provisions of the laws of Michigan. It also described the officer who acknowledged the deed as being a Justice of the Peace.

The plaintiff, further to prove the issue on his part, called Wm. Pinkerton, who, being sworn, testified: that he cut pine logs for the defendant under a written contract, upon certain lands of the defendant in the county of Sanilac, adjoining the land described in the deed introduced in evidence from Stebbins and wife to the plaintiff; and also gave evidence tending to prove that he and his men cut a number of pine trees on the northwest quarter of the southwest quarter of section eight, township thirteen, north range twelve east, and that he put the defendant's mark upon the logs cut from the said land, and banked them on the Cass River in said Sanilac county, for defendant; and after that, run them, with the logs he cut from

defendant's land for defendant, to the jam one-half mile above plank road bridge, at Cook's, above Bridgeport, and about ninety miles from where they were cut; that he began cutting on the 13th of November, 1866, and finished on the 5th or 6th of April following, and quit drawing logs then; that when put in the river some of the logs were worth $10 per thousand, and the balance $7 per thousand feet, and that he thought the trees were cut on plaintiff's land in January, 1867.

The plaintiff then called James A. Walker, who, being sworn, gave evidence tending to prove that he was one of the firm of Dolsen & Walker, and sawed between six and seven hundred thousand feet of logs for defendant, marked with his mark at their mill on the Saginaw River, in Saginaw county, in the year 1867.

The counsel for the said plaintiff then put the following question to said witness: "What was the value of the logs you sawed that year for the defendant?" but the counsel for the defendant objected to said question and the evidence thereby sought to be given, because it was irrelevant, incompetent, not pertinent to the issue; and because it would not prove the value of the specific property claimed in this suit, and because it would be proving the value of the logs in the county of Saginaw, while the conversion was alleged to have been in the county of Sanilac. The court overruled the objection, and defendant excepted.

The said witness answering said question, testified, that the logs were worth ten dollars a thousand feet, at their boom in the Saginaw river.

The counsel for the plaintiff then offered the plaintiff, Absalom Backus, Jr. as a witness, who testified, "That in the summer of the year 1867, he called on the defendant to try to induce him to settle for the timber cut on his land; he said that he had none of his timber."

The counsel for the plaintiff, then asked him "when did you purchase that land?"

FINAL *v.* BACKUS.

The defendant objected. The court admitted it, and defendant excepted.

· Plaintiff replied, " that he made purchase of the land on the 24th or 25th of March, 1867; that he and Stebbins talked about any trespass having been committed on the land, and that his was to be the right to prosecute for any such trespass, for his own benefit; that he asked Stebbins· if he, plaintiff, should go on the land and find timber had been cut, what should he do, and that Mr. Stebbins replied: If there has, you are authorized to prosecute and collect pay for the timber that has been cut off."

Plaintiff then introduced a letter from Stebbins, enclosing a written authority from him to the plaintiff to prosecute for any trespass committed upon the land.

Defendant objected to its introduction, as being irrelevant, and not stamped pursuant to law.

The plaintiff then offered to put a five cent United States Internal Revenue Stamp on said letter. The defendant's counsel objected, that said stamp was insufficient, and not of the amount required by law.

The court overruled the objections, and defendant excepted.

The defendant, William Final, testified that good common logs were worth on the bank about $6 per M feet; and ones and twos were worth from $10 to $12 per M feet. And, on cross-examination by counsel for plaintiff, said Final testified as follows: " My logs netted about $11 per M feet altogether."

The following are the assignments of error:

*First.* — The Circuit Court erred in entertaining the motion of the plaintiff, Absolem Baxter, to amend by inserting the name " Backus, Jr.," in place of the name " Baxter."

*Second.* The court erred in granting the said motion to amend the name of the plaintiff, and erred in ordering the summons and all subsequent proceedings amended, by

striking out the word " Baxter " and inserting " Backus, Jr." in lieu thereof.

*Third.* The court erred in setting aside the default of the plaintiff, Absolem Baxter, and the order making said default absolute and interlocutory judgment, without any motion having been made therefor, or entered in the special motion book, pursuant to the rules of said court.

*Fourth.* The court erred in allowing the plaintiff, Absolem Baxter, to move to amend the plaintiff's name as aforesaid, and in entertaining said motion while said plaintiff was in default, and before said default and the order making the same absolute, and rendering ˏ interlocutory judgment thereon, had been set aside and vacated.

*Fifth.* The Court erred in receiving the affidavit of I. M. Smith, as the basis of the aforesaid motion to amend, and in granting said motion for matters appearing in said affidavit.

*Sixth.* The court erred in overruling the motion for a new trial, and in rendering judgment against the defendant William Final.

*Seventh.* The court erred in allowing the plaintiff, Absalom Backus, Jr., to read in evidence the deed of conveyance, a copy of which is annexed to the bill of exceptions, marked Exhibit " A."

*Eighth.* That the verdict of the jury was erroneous, and manifestly against the evidence in the case, and because the evidence in the case did not sustain and authorize said verdict.

*Ninth.* The court erred in allowing the plaintiff, Absalom Backus, Jr. to read in evidence on the trial of said cause, the deed of conveyance, a copy of which ¡is annexed to the bill of exceptions, and marked exhibit " B."

*Tenth.* The court erred in deciding the following question, " What was the value of the logs you sawed that year for the defendant? " might be put to the witness, James A. Walker, and in receiving the answer thereto in evidence.

*Eleventh.* The court erred in deciding that this question, "When did you purchase that land?" might be put to the witness, Absalom Backus, Jr. and his answer thereto received in evidence.

*Twelfth.* The court erred in admitting and allowing to be read in evidence the letter from T. P. Stebbins to Absalom Backus, Jr.; dated August 1, 1867, set forth in the bill of exceptions.

*Peck & Clark*, for plaintiff in error.

The plaintiff below being in default, could only move to set the default aside, and the Circuit Court therefore erroneously entertained plaintiff's motion to amend, he being out of court, until the judgment of *nol pros* was vacated.—*Green's Pr. 299 ; Cook v. Allen, 3 Tyrw. 378 ; 5 Taunt. 649; Sparrow v. Naylor, 2 Bl. 876, 759; 1 Tidd's Pr. 421, 2, 58 and 60; 3 Barn. & Ald. 272; 3 Dowl. 404; 1 Hodge, 75.*

Courts will not allow amendments which change the parties to the action, unless there is something in the record to authorize the amendment. More especially is this the rule in relation to amendments that change the plaintiff. — *3 Chitty, Pr. 199; 1 Dowl. R. 519; 2 Id. 633 ; 1 Chitty, Pl. 14; 1 Story, 310 ; 8 Sergt. & Rawle, 53 ; 4 Cow. 148, 158 ; 22 Wend. 608 ; 11 Illinois, 587 ; 27 Id. 39 ; Peterbaughs Ill. Pr. 527; 3 Conn. 157 ; 1 Bac. Abr. A. Misnomer ; 5 Watts, 373.*

The rules and practice require a special motion to set aside a default within four days after its entry. The motion on which the order was based was only to amend. Courts will not grant what is not prayed for.—*Circuit Court Rules, 27 and 29 ; 1 Burrill, Pr. 336 ; 10 Wend. 547 ; 1 Cow. 185.*

The court erred in receiving the affidavit of I. M Smith, in support of motion to amend. The carelessness of the plaintiff's attorney formed no ground for the change

of parties, when the plaintiff could himself remedy the mistake by another suit, and the affidavit of I. M. Smith, is not entitled in the suit, and is not a part of the record, or to be noticed as such.—*Peterbaughs, Pr. 817 ; 3 Gilm. 366 ; 14 Illinois, 58 ; 3 Chitty, Pr. 538 ; 3 Tyrw. 387 ; 1 Burrill, Pr. 342 ; 4 Scam. 419 ; 11 Illinois, 586 ; 3 Dowl. 197 and 73 ; 2 Id. 435 ; 1 Mich. 115 ; 8 Id. 117, 126 ; 2 Cow. 509.*

The deeds were improperly admitted in evidence. It does not appear that the grantors in the deeds owned the lands therein described. The proof therefore did not make them competent or relevant.—*12 Mich. 431.*

The second deed having been executed after the trees were severed from the soil and made personalty, was not relevant to the point in issue, viz: the ownership of the logs by plaintiff.—*11 Mich. 535; 1 Greenl. Ev. § 51.*

The certificate of acknowledgment to said deed is insufficient, because the letters "J. P." are not an official description.—*Rood v. School Dist. No. 7, 1 Douglass, 502; 1 Burrill, Pr. 343; 2 Sergt. & Rawle, 457; 2 Phillips Ev. p. 585, N. 478 ; 2 Yeates, 229; 3 Caines, 128.*

The certificate to this deed did not prove that W. Baker was a Justice of the peace, because the clerk was only authorized to certify that "the person whose name was subscribed to the certificate of acknowledgment, was at that date thereof such officer as he is therein represented to be."—*2 Comp. L. p. 839, § 2729; 4 How. 522; 1 M. & S. 599; 13 Pick. 172; 6 Cow. 265; 14 Pick. 448; 1 Greenl. Ev. § 498; 2 Phillips Ev. 255; Governor v. Bell, 3 Murph. 331; 33 Maine, 297.*

Evidence of the value of logs sawed that year in Saginaw County for defendant (below) was inadmissible; not being confined to the property when converted. "In trover, the general rule of damages is the value of the property taken at the time of conversion," and "for the conversion of timber, is its value when first separated from

the freehold." — *Sedgwick on Dam. 474, n 1; Read v. Fairbanks, 24 Eng. L. & E. 224; S. C. 13 C. B. 692; Moody v. Whitney, 38 Maine, 174.*

Oral evidence as to when plaintiff bought the land, was inadmissible under the "statute of frauds," and as contradicting the deed to plaintiff. "Where written evidence of a fact exists all parol evidence is excluded." — *1 Phillips Ev. 576 and 587, n 7; 2 Comp. L. § 3179; 1 Greenlf. Ev. § 275, 277.*

The letter from Stebbins to Backus was inadmissible because not stamped pursuant to law. — *U. S. Statutes at Large, Act July 18, 1866, p. 149; United States Int. Rev. Law of 1864, Schedule B; Emerson Guide, 163; U. S. Statutes at Large, Act March 3, 1865, p. 481.*

It was irrelevant, not being either proof of sale of the timber, or assignment of the right of action for its conversion. A tort is not assignable. " It being the sale of a suit and therefore void, as maintenance."

It did not substitute plaintiff in the place of Stebbins as the owner. — *6 Cush. 286; 23 Vermont, 531; 2 Comst. 293; 8 Wheat. 268; 12 Wend. 298.*

The court erred in denying motion for new trial, because improper evidence was admitted. The deed to plaintiff, if competent evidence, proved conclusively that the plaintiff was not the owner of the land when the trees thereon were converted into personal property. — *11 Mich. 535; 4 Barn. & Cress. 941; 1 T. R. 55; 1 Chitty, Pl. 149.*

*Webber & Smith,* for defendant in error.

1. The first five assignments of error cannot be considered, as the questions were addressed to the discretion of the court below, and the defendant (below) pleaded to the declaration as amended.

2. The sixth assignment, alleging error in overruling motion for a new trial, is one this court will not consider

on a writ of error. Motions for a new trial are addressed to the discretion of the court.

3. As to the seventh assignment, there was no error.— The deed was duly certified as required by statute, and was admissible in evidence without further proof.

4. The eighth assignment cannot be considered here. The bill of exceptions does not purport to give all the evidence in the case, and error must affirmatively appear.

5. The ninth assignment stands on the same grounds as the seventh. The deed was properly certified.

The tenth assignment shows no error. It was competent for the plaintiff to prove the value of the logs at the place of conversion. The plaintiff might show the conversion at any point and might give evidence as to the value at different places, so that in case the jury should find a conversion at one or another of the places, they might have evidence of the value at that place before them. Even if erroneous, this evidence did not prejudice the defendant below, because when he was called as a witness he testifies to a higher value.

6. The eleventh and twelfth assignments relate to same point, and will be considered together.

The logs were cut from the lands in question, in the winter of 1866–7. The land was deeded to Stebbins in 1858. The deed from Stebbins to Backus is dated March 26, 1867, and was acknowledged April 3, 1867. There being no question but that Mr. Final had the logs from this land, it was only important for him to know that in case Backus should recover against him for the logs, he would not be liable thereafter to an action therefor in the name of Stebbins. The proof given by Backus and by the letter from Stebbins was only for the purpose of showing that the right of action was in Backus, and that Stebbins consented thereto. It was competent to prove that Stebbins resided in the State of New York, that at the time of the purchase by Backus, neither party knew of the actual

condition of the land, as to whether any timber had been cut, and that it was the understanding and agreement, that in buying the land, Backus bought it as it was in the state of nature, with the timber thereon, and that it was agreed, in case it should be found that timber had been taken by trespassers, the right to prosecute should belong to the purchaser.

It was not necessary that the letter should be stamped. It was not a new contract between the parties. It was rather a recognition of a previous contract: written evidence of an existing state of facts. But before reading the letter in evidence, it was actually stamped with an agreement stamp in court. It is held in Massachusetts that the United States Revenue Stamp Law, as to the introduction of papers in evidence, only applies to the courts of the United States. *Carpenter et. al. vs. Snelling, 97 Mass. 452, 458; Lynch* vs. *Morse, Id. 458.*

COOLEY CH. J.

The several errors alleged in this record will be considered somewhat in the order in which the supposed objectionable proceedings took place in the progress of the cause.

The third assignment of error relates to the action of the court in setting aside the default of the plaintiff and the proceedings based thereon.

This action pertains exclusively to the practice of the court, and forms no part of a common law judgment record; it cannot therefore constitute a ground of allegation of error.—*Pearson v. Eaton,* recently decided.

The first, second, fourth and fifth assignments of error are based upon the proceedings of the court in permitting an amendment to correct the name of the plaintiff, which by the mistake of his attorney was erroneously given in the writ.

If the court had jurisdiction to permit such an amend-

ment, its action in allowing it like that in setting aside a default, would be purely a matter of discretion, and should not be introduced into a judgment record.

The plaintiff in error has referred to several cases which he thinks establish the position that the court has no authority to permit such an amendment, unless, which was not the case here, there is something in the record to amend by.

The most of these cases however, are cases where the amendment had the effect to change the parties to the suit. Such was the case in *Wilson v. Wallace, 8 Sergt. & R. 53; Chamberlain v. Hite, 5 Watts, 373, and Willink v. Renwick, 22 Wend. 608,* in each of which it was sought to add a party by amendment, and in *Peck v. Sill, 3 Conn. 157,* where it was sought to strike out the name of a party plaintiff. Such an amendment would obviously change altogether the ground of recovery, and we do not doubt the correctness of the decisions which hold it not permissible. There are some cases, however, where the amendment to correct the name of the plaintiff has been held, in the absence of any statutory provision applicable to the case, to be inadmissible.—*Albers v. Whitney, 1 Story, 310; Lake v. Morse, 11 Ill. 587;* while on the other hand in *Elliott v. Clark, 18 N. H. 422,* the Supreme Court of New Hampshire, permitted such an amendment to be made. "We are of opinion," say the court " that the power to amend depends not upon the question, whether the amendment changes the name, but whether or not it really changes the party. If it only cures a mistake in the name of the party in fact prosecuting the writ, it may be made. But if it introduces a different party it is inadmissible."

We think, however, that this question is settled by our statute of amendments, which permits the court in which any action shall be pending to amend any process, pleading or proceeding in such action, either in form or substance, on such terms as shall be just, at any time before judgment

rendered therein.—*Comp. L.* § *4415*, and which, in specifying the defects for which a judgment shall not be stayed, reversed, impaired or in any way affected, expressly mentions any mistake in the name of any party or person.— *Comp. L.* § *4419*.

Under the statute from which ours is taken, errors in the names of plaintiffs have been suffered to be amended in New York;—*Agent of Mount Pleasant Prison v. Rikeman, 1 Denio, 279*; and the same ruling has been had in Massachusetts;—*Kincaid v. Howe, 10 Mass. 203 ; Sherman v. Connecticut Bridge, 11 Id. 338.* In *Wight v. Hale, 2 Cush. 486,* the court speaking of an amendment of the name of one of the plaintiffs from *Wright* to *Wight* say, " that the court were not only authorized but required to allow the amendment, cannot admit of a doubt. By the Revised Statutes, *Ch. 100,* § *21,* it is enacted that no writ, process, declaration or other proceeding in the courts, in course of justice, shall be abated, arrested, quashed or reversed for any circumstantial error or mistake, when the person and case may be rightly understood by the court; and by the 24th section it is further enacted, that no judgment shall be reversed for any defect or imperfection in matter of form which might by law have been amended ; and by the *Statute of 1839, Ch. 151,* § *1,* it is provided that amendments, not material to the merits of the case, and by which the opposite party cannot be prejudiced, may be allowed without payment of costs. It has been argued for the defendant that by the amendment a new plaintiff and a new firm were introduced, but we think it clear that such was not the effect of the amendment. The effect was properly to correct a clerical mistake, which had occurred by the misnomer of one of the plaintiffs, and it is quite clear that such a mistake may be corrected by amendment."

This decision, under a statute quite similar to ours, appears to us reasonable, and fully warrants the action of the court below in this case.

The twelfth error goes to the right of the plaintiff to maintain the action upon a' demand. originating in favor of his grantor, for the conversion of logs obtained by a trespass upon the land granted to him, and which was assigned to him before the commencement of suit.

Our statute — *Comp. L.* § *4,159,* as amended in 1863, permits the assignee of any bond, note or other chose in action, to sue and recover the same in his own name; and it is not claimed that this action is improperly brought, provided the demand is properly assignable.

The position is, that the right of action for a tort is not the subject of assignment; and this, we understand to be the general rule. — *1 Spence, Eq. Juris.* · *180 – 1;* 2 *Id. 868 to 873; Adams' Eq. 54; Story's Eq. Juris.* § *1040, g; Carroll v. Potter, Walk. Ch. 365; Rice v. Stone, 1 Allen, 566; Comegys v. Vasse, 1 Peters, 213.* But this rule applies only to those torts which are merely personal, and which, on the death of the person wronged, die with him; while torts for taking and converting personal property, or for injury to one's estate, and generally all such rights of action for tort as would survive to the personal representatives, may, it seems, be assigned so as to pass an interest to the assignee which he can enforce by suit at law. —*North v. Turner, 9 Sergt. & R. 234; Butler v. The N. Y. & E. Rail Road, 22 Barb. 110; People v. Hudson R. R. R. 4 Duer, 74; Waldron v. Willard, 3 E. D. Smith, 488; McKee v. Judd, 12 N. Y. 622; Rice v. Stone, 1 Allen, 566; Jordan v. Gillen, 44 N. H. 424.*

The seventh and ninth assignments of error relate to the admission in evidence of certain deeds which purported to be executed in the State of New York, and which were certified in the manner required by our statute to entitle them to record.

In their brief, counsel claim the admission to have been erroneous, on the ground that it does not appear that the grantors in the deeds owned the lands therein described, and that, consequently, they were irrelevant.

It is a sufficient answer to this, that no objection on that ground appears to have been taken on the trial, and we cannot assume on this record that their relevancy did not appear. It is also claimed that one of them was imperfect in acknowledgment, the abridgment " J. P." appended to the name of the person taking the acknowledgment being the only designation of official character; and this, it is claimed, has no understood meaning in the law. Our statute, however, prescribes what shall be the evidence that a deed, executed out of the state, is properly acknowledged according to the laws of the state where the execution takes place; and that evidence is furnished in due form by the certificate appended to this deed. The officer who certifies to the due execution of the deed, explains the meaning of the abbreviation by attesting the official character of the person employing it.

The tenth error is based upon the admission of evidence to show the value of logs taken from the land trespassed upon, after they had been removed to Saginaw, in an adjoining county to that in which the trespass was committed.

The action was trover for the conversion of these logs, and as, upon the theory of the plaintiff's case, they were the property of his assignor, as well after they reached Saginaw as before, we perceive no error in receiving evidence of their value at that place. The actual change in the character of the property appears to have taken place when they were manufactured into lumber there; and although the owner of the land from which they were taken might have treated their removal from the land as a conversion, he was not compellable to do so, but might have followed the logs and reclaimed them at Saginaw. This being so, the plaintiff had a right to treat the time of the manufacture of the logs into lumber as the period of conversion, and to recover their value accordingly.

The eleventh assignment of error is upon the admission of oral evidence of the time when the plaintiff bought the land on which the trespass was committed.

Of this it is sufficient to say that it could not possibly prejudice the defendant.

The plaintiff put his deed in evidence, as well as the written assignment of the demand sued upon; and the oral evidence appears to us to have been wholly unnecessary and entirely harmless.

Under the twelfth assignment of error, the want of a stamp upon the instrument which transferred the right of action to the plaintiff, is relied upon as rendering it invalid.

The bill of exceptions is not very clear upon this point, but the inference from the language employed is, that at the time the instrument was actually received in evidence, it had upon it a proper revenue stamp; and we do not therefore feel called upon to consider the question whether the law of Congress, excluding unstamped instruments from being received as evidence, has any application to the State courts.

The sixth and eighth assignments of error are based upon the action of the court in refusing a new trial. That action, like the order permitting an amendment of the writ, was purely matter of discretion, and constitutes no proper part of the record. It should not have been returned upon the writ of error, and, being returned improperly, we can take no notice of it.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.