SAMUEL F. WOOD v. MARCUS D. ELLIOTT.

*Conversion by cutting timber—Damages.*

Where the grantee of land knows that the timber on it has been previously sold to another, with the right to take his own time to remove it, he cannot terminate the other's right to occupy the land with his timber without giving him notice to remove it within a reasonable time; and if, without giving such notice, he cuts the timber down, he is guilty of its conversion.

Notice by the grantee of land to his grantor to remove timber which the grantee knows has been previously sold to another, is not binding on the purchaser of the timber.

Where the measure of damages for the conversion of timber by cutting it down, is restricted to the actual value of the timber, the party guilty of the conversion cannot complain.

Error to Oakland. (Stickney, J.)   June 21.—October 3.

CASE. Defendant brings error. Affirmed.

*Howard & Thayer, Patterson & Collier,* and *M. M. Burnham* for appellant. A mere reservation of timber without words of limitation and inheritance, reserves only a life estate to the grantor: 2 Washb. R. P. 641, 646 : 3 id. 371, 435 ; Shep. Touch. 100 ; *Curtis v. Gardner* 13 Met. 457 ; *Jamaica Pond v. Chandler* 9 Allen 170 ; *Munn v. Stone* 4 Cush. 146 ; *French v. Carhart* 1 Comst. 103 ; *Horn-*

*beck v. Westbrook* 9 Johns. 73; see *Haskell v. Ayres* 35
Mich. 90; and a subsequent purchaser of the land can re-
move it if the owner does not do so, within reasonable time,
on notice: *Heflin v. Bingham* 56 Ala. 566; where con-
verted property has been restored to the owner or sold on
an execution against him, the measure of damages is not its
value, but the loss actually sustained: 6 Wait's A. & D.
113; *Hunt v. Haskell* 24 Me. 339; *Felton v. Fuller* 35
N. H. 226; *Curtis v. Ward* 20 Conn. 204; *Collins v.
Perkins* 31 Vt. 624; *Barry v. Bennett* 7 Met. 354;
*Ward v. Henry* 15 Wis. 239; a reservation of timber does
not cover that which afterward grows: *Putnam v. Tuttle*
10 Gray 48.

*A. C. Baldwin* for appellee. Contracts for the sale of
timber have been held valid when they allowed time to re-
move it: *Johnson v. Moore* 28 Mich. 4; *Richards v. Tozer*
27 Mich. 452; *Russell v. Myers* 32 Mich. 523; reservations
in a deed are to have the force intended by the parties: *Hall
v. Ionia* 38 Mich. 498; one who cuts another's timber con-
verts it and is bound to pay for it if the owner elects:
*Guille v. Swan* 19 Johns. 381; *Reynolds v. Shuler* 5 Cow.
323; *Wintringham v. Lafoy* 7 Cow. 735; *Morgan v.
Varick* 8 Wend. 591; *Indianapolis &c. R. R. v. Mustard*
34 Ind. 52; *Champion v. Vincent* 20 Tex. 811.

CAMPBELL, J. Plaintiff recovered judgment against de-
fendant for the value of timber cut down by the latter, and
claimed to have belonged to plaintiff. A good many errors
are assigned, but they all come within a few heads, and a
considerable part do not properly arise under the record as
it became finally fixed.

On the 7th of November, 1864, Thaddeus Herriman, who
owned lands on sections 4, 5 and 8 in town 4 north of
range 7 east, and who had at or about that time sold a
farm in section 4 to one Henry W. Thomas, gave him a
conveyance "of all the wood and timber now growing and
standing upon the south end of the west half of the north-

east quarter of section eight (8) town four (4) north of range seven (7) east, containing ten acres of land " * * * " the said party of the second part to have his own time to remove the wood and timber from off the said land, but is to commence to clear the said land from the west end of the said lot, and to cut the wood and timber clear, so that the land may be used for farming purposes." On the 14th of October, 1867, Thomas sold out his interest to plaintiff.

On the 8th of March, 1865, Herriman conveyed the land on which the timber stood, with other adjoining lands, to defendant " reserving the timber standing on ten acres on the south end of said lot." This deed was recorded January 5, 1866. There was no testimony in the case showing when the land was paid for. Previous to the record of this deed defendant had heard of the Thomas claim, and he offered to show that on the 6th of January, 1866, he served a written notice on Herriman, which, after referring to the deed and reservation, proceeded as follows: " You are therefore notified that I wish to use the said ten acres of land, on which said timber stands, for agricultural purposes, and you are hereby required forthwith to remove the same, or I shall require damages for the use of my land." Defendant proposed to rest his main defense on this notice, in connection with the language of the deed.

Plaintiff proceeded to remove the timber from time to time until he had taken all but what remained on two acres and a fraction, being partly a side hill, and partly on and in a lake bordering the tract. This was with knowledge of defendant, who is not shown to have raised any question.

In the end of December, 1880, defendant sent on a number of men who on a Saturday and Sunday cut down the trees, and left the wood on the land, where it remained when the suit was brought and tried. Defendant claimed it was plaintiff's wood, and that he should remove it. Plaintiff claimed that the cutting was against his right, and amounted to a conversion.

While the record presents some rulings on the question of an obligation to remove the wood in a reasonable time,

it does not become very important, if relevant at all, as the record stands. There is nothing to indicate that defendant ever took any steps, to expedite the action of Wood or Thomas, who were proceeding at their leisure to remove the timber gradually, and in accordance with their grant. Assuming that he had such equities as would entitle him to require prompter action, the utmost that could be claimed would be that he might give such notice as would enable plaintiff to complete the removal in such a time as would be reasonable. Notice to Herriman, who had no interest whatever in the timber, could not be binding on the owner, and it might be questionable whether so early a notice to remove the timber forthwith, on pain of being held liable to pay for the use of the land, would have justified a sudden destruction of timber without some further warning. But inasmuch as defendant throughout knew of Wood's claim, and recognized him as owning the timber, no forfeiture could very well be relied on under any circumstances without some default after notice. Indeed, the defendant's position all through the suit, and the numerous charges which he asked, are entirely inconsistent with any claim that the timber had been lost to Wood. The defense rests on the theory that it is still his timber, and that he has a right and duty to enter on the land and take it away.

The only questions really presented are—*first*, whether the cutting was a conversion; and *second*, the measure of damages.

Upon the first question there seems to be no doubt that whatever authority defendant might have to terminate the right of plaintiff to occupy the land with his timber, it could not be terminated without notice. If this is so, he could not be compelled to accept timber cut down when he was entitled to standing timber. There is no conflict in the authorities, so far as we have discovered, on this point. Time and method may both become important elements of value or convenience, and it would be very unjust to compel any one to accept the results of a trespass as binding on him.

The charge of the court removed all the difficulties about damages by shutting out all considerations beyond the actual value of the timber. It confined the recovery within as narrow limits as could possibly be asked, and the result seems to indicate that the jury followed the ruling.

The judgment should be affirmed with costs.

The other Justices concurred.