### ABRAM J. KNISELY v. CHRISTIAN STEIN.

*Statute of limitations—Conversion.*

The rule that one who has taken part in the conversion of timber may he held as a joint wrong-doer with any one who thereafter does anything in pursuance of such conversion, does not prevent the Statute of Limitations from running in favor of one who took such part without any knowledge that any wrong was intended, and did not participate in subsequent acts of conversion.

Error to Berrien. (A. J. Smith, J.) Jan. 9.—Jan. 15.

TROVER. Plaintiff brings error. Affirmed.

*Edward Bacon* for appellant. The several liability of a defendant in trover is the same as in trespass, and he need not be joined with others: *Kenyon v. Woodruff* 33 Mich 315; *Weber v. Weber* 47 Mich. 571; his liability in this form of action is for the natural consequence of his acts irrespective of intent: *Allen v. Kenyon* 41 Mich. 284; and to render wrong-doers jointly liable it is not necessary that their acts should be simultaneous or at the same place: *Cuddy v. Horn* 46 Mich. 604; *Brown v. Perkins* 1 Allen 89; *Stone v. Dickinson* 5 Allen 31; *Cook v. Hopper* 23 Mich. 515; *Dreyer, v. Ming* 23 Missouri 434; *Cram v. Thissell* 35 Maine 86; in misdemeanors all aiders and abettors before

the offense were principals; *Shannon v. People* 5 Mich. 87; and in felonies, accessories before the fact become guilty by separate acts at different times and without agreement by any form of contract: *Reg. v. Barber* 1 C. & K. 442; the statute of limitations is no defense to an accessory if an action for the wrongs done by the principal is not barred: *Saunders v. Edwards* 1 Siderfin 95; *Wilhoit v. Hancock* 5 Bush 567; *Troy v. Cheshire R. R. Co.* 23 N. H. 101; *Bowyer v. Cook* 4 C. B. 236; *Whitehouse v. Fellowes* 10 C. B. (N. S.) 765, 786.

*George S. Clapp* for appellee.

· COOLEY, C. J. Trover for the conversion of saw-logs. The facts appear to be that in the winter of 1873–4 Knisely was owner of land in Berrien county, which was occupied by one Morris as tenant; that Morris without authority cut logs upon this land and employed Stein who was not shown to have been aware of any intended wrong, to assist in getting them out. The logs were banked on the shore of Lake Michigan, and in May, 1874, Morris sold them to one Graham for $120. When Graham went to make payment for the logs Morris was sick, and gave directions that the money should be paid to Stein, which was done accordingly. From the amount Stein retained $60, which was something less than was due him for his labor, and paid over the balance to Morris. Stein, so far as appears, had nothing whatever to do with the logs from the time they were placed on the shore of the lake. This suit was brought May 26, 1880, which was more than six years from the time when the logs were banked and from the time when they were sold. The circuit judge was of opinion that the action was barred by the Statute of Limitations, and the defendant had judgment.

It is contended for the plaintiff that Morris and Stein were joint wrong-doers in getting out the logs, and that when they banked them, it must have been under a supposition that they would be sold and rafted away to market. Each must therefore be deemed to have assented to what was done by the other subsequent to the banking, and the

plaintiff, under the authority of *Final v. Backus* 18 Mich. 232, might elect to proceed for a conversion evidenced by the act of hauling out and banking the logs, or for one evidenced by the acts of either of them or of any one to whom they or either of them had transferred the logs afterwards. We do not concur in this view.

If it had been shown that Stein had been a party to any purpose on the part of Morris to transport the logs to any other point for the purpose of manufacture or sale, and they had been so transported in pursuance of such purpose, it would no doubt have been competent for Knisely to proceed against the parties as for a conversion evidenced by such subsequent transaction, and to have recovered against both whether both were or were not present and participating. But in this case there was no such showing. Stein probably rendered himself liable by what he did in delivering the logs on the lake shore, but he does not appear to have had any purpose to be concerned in them further, and if not he was legally and morally as innocent of any wrong in what was done with them afterwards as if he had never known of their existence. And the subsequent acts of Morris or of Graham, with which he was not connected, could not keep alive the cause of action against him. He was responsible for what he did and for what he advised or consented to, but for nothing further.

Under the view of the law taken by the plaintiff, a cause of action for the conversion of property might never be barred. Every intermeddling with the property, which standing by itself would give a cause of action, might be treated as a new conversion, and all parties who, at any prior time, had contributed to placing the property where it then was, or in the hands of the party then wrongfully intermeddling with it, might be joined in the action as joint wrong-doer, though he may have been wholly ignorant of what was done, and never purposely a wrong-doer at all. But this would defeat the purpose of the limitation law.

The judgment must be affirmed with costs.

The other Justices concurred.