LONGYEAR *v.* MINNESOTA LUMBER CO.

PLEADING—VARIANCE—DEMURRER.
> A declaration in a suit commenced by attachment is not demurrable on the ground of a variance between the cause of action stated therein and that set forth in the affidavit for the writ. The proper remedy in such case is by a summary application to the court to set the declaration aside for irregularity.

Error to Gogebic; Haire, J. Submitted January 29, 1896. Decided March 24, 1896.

Trover by John M. Longyear and another against the Minnesota Lumber Company, a foreign corporation. From a judgment for defendant on demurrer to the declaration, plaintiffs bring error. Reversed.

*Francis P. Midlam* (*Irving D. Hanscom*, of counsel), for appellants.

*Charles E. Miller*, for appellee.

MOORE, J. The plaintiffs commenced suit against the defendant, a foreign corporation, by attachment; filing, as a basis for said proceeding, an affidavit in which it is stated that defendant is indebted to plaintiffs "in the sum of $1,038.39;  *  *  *  that it is due  *  *  *  for various trespasses done" by said defendant "on lands belonging to said plaintiffs, as hereinafter described."

"And deponent further says that during the winter of 1892 and 1893 the Minnesota Lumber Company, by divers agents and employés of the said company, entered upon a certain piece of land situated in the northern peninsula of Michigan, and known and described as the 'southeast quarter of the northeast quarter of section 31, township 45 north, range 38 west,' and cut and felled thereon

one white pine tree, and took and carried the same away."

Then came, in the affidavit, statements of other acts of entering, upon several other descriptions of land, and of cutting and carrying away trees, which acts are described in substantially the same language as that quoted above, and then comes this language:

"And deponent further says that by reason of the said several trespasses committed by the said Minnesota Lumber Company, as above described, the said John M. Longyear and the said Frederick Ayer, plaintiffs in the annexed writ of attachment, have been damaged to the extent of $1,038.39, as near as the deponent can estimate. And deponent further says that the said Minnesota Lumber Company, defendant in the annexed writ of attachment, is now justly indebted to the said John M. Longyear and the said Frederick Ayer, plaintiffs in the annexed writ of attachment, in the sum of $1,038.39; as near as deponent can estimate the same, over and above all legal set-offs, and that the said sum of money is now due and payable for the various trespasses above set forth. And deponent further says that the said Minnesota Lumber Company is a foreign corporation, existing by virtue of the laws of the State of Minnesota, and that the said Minnesota Lumber Company is now the owner of property within the State of Michigan. And deponent says that the said several causes of action above described, for which the annexed writ of attachment is issued, arose in the State of Michigan, as above set forth; and further deponent says not."

Later a declaration was filed, which was demurred to; whereupon an amended declaration was filed, which, after the formal commencement, reads as follows:

"For that the said plaintiffs on, to wit, the 13th day of December, 1892, at the county of Gogebic and State of Michigan, were lawfully possessed, as of their own property, of one white pine tree, cut and felled and lying prostrate, of the value of $15, and, being so possessed thereof, the said plaintiffs afterwards, to wit, on the day and at the place last aforesaid, casually lost the same out of their possession, and the said one white pine tree after-

wards, to wit, on the 13th day of December, 1892, at the said county of Gogebic, came into the hands of the defendant by finding; yet the said defendant, well knowing the premises, has not, although often requested so to do, delivered the said one white pine tree to the said plaintiffs, but afterwards, to wit, on the 13th day of December, 1892, at the said county of Gogebic, wrongfully converted and disposed of the same to its own use, to the damage of the plaintiffs of $15."

Two other counts of a similar character were contained in the declaration. Defendant demurred to this declaration, claiming there was a fatal variance between the cause of action stated in it and the cause of action stated in the affidavit for attachment. The circuit judge sustained the demurrer, and the case is brought here for review.

The defendant does not question the validity of the affidavit to base an attachment upon, but it is its contention that, while it may be deemed entirely sufficient for the purpose of allowing the issue of an attachment in an action of trespass to real estate, it is not sufficient to authorize the issuing of an attachment in an action for the conversion of personal property, and that, as it would not authorize the issuing of a writ of attachment for conversion, there was no suit of that character commenced, and the plaintiffs cannot be allowed to declare in an action of trover in this proceeding.

It is claimed on the part of the plaintiffs that Act No. 89, Pub. Acts 1893, authorizing the commencement of suits by attachment in actions of tort against nonresidents, only requires that the affidavit shall state a cause of action, and that a cause of action is "the union of a right in the plaintiff, and an invasion of such right by the defendant;" citing *Post* v. *Campau*, 42 Mich. 96. The plaintiffs also claim that the statement of facts in the affidavit not only shows a trespass to the realty, but also shows a conversion of the trees and logs after they were separated from the soil, and that there was no variance between the cause of action stated in the declaration and

the cause of action as stated in the affidavit. They also claim that, the moment the trees were severed from the soil, they became personal property, and the taking away of them amounted to a conversion; citing Cooley, Torts (2d Ed.), p. 449; *Final* v. *Backus*, 18 Mich. 218; *Wood* v. *Elliott*, 51 Mich. 320; and a large number of other cases.

It is not our opinion that there is a fatal variance between the declaration and the facts stated in the affidavit. In the case of *Smith* v. *Wayne Circuit Judge*, 27 Mich. 87, it was held that a declaration could not be set aside for a variance from the writ. It is not necessary, however, in the disposition of this case, upon the record as now made, to pass upon either of these contentions. The rule, as stated in Chitty, is:

"It is an indispensable requisite of every declaration that it substantially adhere to the form of action stated in the process, and, if it deviate, the defendant may apply to the court or a judge to set aside the declaration for irregularity, so that the plaintiff must abandon his first process, and issue a fresh writ, stating the form of action adapted to that in his declaration. The objection is not ground of demurrer to the declaration, but merely of a summary application to set aside the declaration for irregularity." 1 Chit. Pl. p. 269. See, also, *Rogers* v. *Rogers*, 4 Johns. 485.

The demurrer should have been overruled.

The case is reversed, with costs.

The other Justices concurred.