### JOSEPH H. GASKILL, TRUSTEE, v. WILLIAM BARBOUR ET AL.

Submitted July 12, 1898—Decided November 7, 1898.

A declaration in trover alleged the following facts, viz : That chattels were mortgaged to a trustee in possession who lost, and defendants found, them; that the Court of Chancery discharged such trustee and appointed the plaintiff instead and directed assignment to him of the mortgage, which was assigned accordingly, and then charged that, before the plaintiff succeeded to the trust, the defendants converted and disposed of the chattels to their own use. *Held,* on demurrer, that the action could not be maintained.

On demurrer to amended declaration.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, LUDLOW and COLLINS.

For the demurrant, *Eugene Stevenson.*

Contra, *Babbitt & Lawrence.*

The opinion of the court was delivered by

COLLINS, J. By the declaration demurred to it is averred that on December 1st, 1893, the Burlington Carpet Company

mortgaged to the Camden Safe Deposit and Trust Company, as trustee, among other goods and chattels, two hundred and thirty-seven copper rolls; that on August 7th, 1894, the Camden company was lawfully possessed as of its own property as such trustee of the said rolls, and, being so possessed, casually lost the same out of its possession, and that on that day the same came to the possession of the defendants by finding; that on August 10th, 1896, the Court of Chancery relieved and discharged the Camden company from all further performance of the trust under the mortgage, and substituted the plaintiff as trustee and ordered assignment to him of the mortgage, and that afterwards the same was so assigned. It is then charged that before the plaintiff succeeded to the trust the defendants converted and disposed of the rolls to their own use, to the damage of the plaintiff as trustee, &c.

If the plaintiff is to be considered as the assignee of a chose in action, he must fail because there is no authority for his maintaining suit thereon in his own name. Statutes making choses in action assignable at law have been held to include those arising *ex delicto* if they affect property rights (*Final* v. *Backus*, 18 *Mich.* 218 ; 26 *Am. & Eng. Encycl. L.* 746); but our statute in that regard is in terms limited to those arising *ex contractu,* except in case the assignor be dead. *Gen. Stat., pp.* 2536, 2591, §§ 21, 340. That the plaintiff is successor to a trust is immaterial. The trust itself was a mere equity arising out of the convention of parties and not by operation of law. A court of law deals only with legal titles, and the plaintiff must rely on his assignment.

On the other hand, if the plaintiff, as we think is properly the case, is to be considered as succeeding to the legal title of chattels by assignment of the mortgage, he has no standing to maintain trover when he alleges a conversion prior to his right of possession. The holder of a mortgage entitled to possession may sustain trover for the mortgaged chattels, and the mere statement of a mortgage without naming its terms will imply a right of possession ; but it is fundamental in trover that the plaintiff must have had his right, whatever its

character, *at the time of the conversion.*    A subsequent acquisition of title will not support the action.    *Chit. Pl.* 148, 149 (*notes* 2 *and* 3, 11*th Am. ed.*); *Overton* v. *Williston,* 31 *Pa. St.* 155, 160.    Titles to chattels may be transferred by an owner or mortgagee though he be out of possession, and the transferee may bring trover against the possessor, but only if the chattels are withheld from him after demand, or if in any other way the facts admit of an allegation of conversion after the plaintiff's acquisition of title, although it may be a new conversion.    The nearest approach to ·a precedent for the plaintiff that I have found is *Tome* v. *Dubois,* 6 *Wall.* 548, where it is held that conversion does not deprive the owner of personal property of the power of making a valid sale, as he may, if he see fit, waive the tort; and that in such a case the vendee may sue in trover, after demand and refusal.    The facts proved were that logs had been sawed into lumber by the defendant before the sale to the plaintiff.    The plaintiff demanded the lumber sawed and unsawed, and was refused. On these facts the Supreme Court of the United States sustained trover.    All that appears in the reported case as to the allegations of the declaration is the recital that the action was "to recover damages for the conversion by defendant of certain pine saw-logs and certain planks which the plaintiffs alleged to be their property."    It is plain that this decision is no authority for the maintenance of trover where the conversion alleged was admittedly prior to the plaintiff's right of possession.    This is well shown by Mr. Justice Gray in *Clark* v. *Wilson,* 103 *Mass.* 219, a decision useful on both branches of the question argued before us.    The learned judge says: "A transfer of property from a rightful owner out of possession will doubtless pass the title and enable the assignee, upon demand and refusal, to sue a wrongful holder, in trover, as for a new conversion [citing *Tome* v. *Dubois, supra,* and other cases], but it does not destroy the right of action for the previous tort, nor, if the property has meanwhile been diminished in value by the act of the wrongdoer or otherwise, lessen the measure of his liability, nor can it consistently with

the rules of the common law transfer a personal right of action, for a tort, to one who at the time of its commission was not the party injured, so as to enable him to sue for the tort in his own name." The decision supported a suit in trover in the name of the former owner who was such at time of conversion, asserting, however, the right to control it in the interest of the person really entitled to the damages.

The demurrer will be sustained, with leave to the plaintiff, on payment of costs, to amend either by a change, in the summons and declaration, of the name of the plaintiff, or by a change in the allegation of the declaration from one of conversion before to one of conversion after the accrual of the plaintiff's title, if the fact so warrants, and otherwise as he may be advised.