Per Curiam.

It is not easy to conjecture the reasons by which the Court of Common Pleas were prevailed on to reject finally the proposed amendment, by which the plaintiff’s writ and declaration would have been rendered conformable to the fact and truth of the case, in every descriptive circumstance; especially as the court seem to have been apprized that the motion for the amendment was directed to the purpose of conforming the plaintiff’s declarat.on to the state of his evidence, and as, in their apprehension, the amendment was essential to enable the plaintiff to proceed in his action. If the court had rejected the amendment as unnecessary, and had proceeded afterwards to receive the notes in evidence, considering the variance as altogether immaterial, we should have thought the decision much nearer to the legal principles applicable to the case.
* Junior, or younger, is no part of the name; (a) but
an addition by use, and serving for a convenient distinction, when a father and son have each of them the same Christian and surname, or when two persons of the same names and occupations reside in the same town. And it seems to be only in the case of a father and son of the same names, that the addition is required to be stated in a writ, where the son is made defendant, and other words describing the defendant as the son, are equivalent. And if the description is omitted, and the right defendant appears and pleads, he cannot afterwards object for the uncertainty. And if the father appears, the plaintiff may aver that he is not the person sued, and may then show, by additional averments or suggestions on the record, that the son is the party against whom the writ was directed, and upon whom it had been served. (1)
Where the omission respects the plaintiff, it is not a circumstance which can be taken advantage of in abatement: if at all, it must be by objecting to the written evidence, where the variance is discoverable. But even then, and in the case of a deed, where more precision in recitals is generally required, a variance in any addition or description of the person is considered as immaterial, and not to be taken advantage of in pleading, and, of course, not in objecting to the deed as evidence; for there a greater latitude is indulged than when the exception is by pleading or demurring for the variance, upon oyer of the deed. (2)
In the case at bar, a precision, not to any purpose perhaps aoso *213 lately essential, might have been obtained by permitting the amendment ; and an objection would have been avoided, which was merely captious and dilatory in its nature, not at all affecting the merits of the action, or important in any degree to the security of the party sued, or to any other person, (b)
The judgment of the Court of Common Pleas is reversed, and a new trial is to be had at the bar of this Court.
ADDITIONAL NOTE.
[An amendment in the name of the plaintiff will be granted, where it is wrongly spelled. — Furniss vs. Ellis, 2 Brock. 14. — So in the name of a corporation, which is sued under a wrong name.— Burnham vs. Savings, &e., 5 JV. H. 573.
The omission, in a warrant, of the defendant’s Christian name cannot be amended. — Johnston vs. McGuin, 4 Dev. 279.
A mistake in the name of an execution plaintiff may be amended, after a delivery bond taken in the right name, and execution thereupon, if the error is a clerical one, and the record contains enough to amend by. — Bank vs. Lacy, 1 Monr. 7.
See Bowman vs. Green, 6 Monr. 341. — Cain vs. Kersay, 1 Yerg. 443.— Lynes vs The State, 5 Por. 236.—F. H.]

 [Commonwealth vs. Perkins, 1 Pick. 388. — Ed ]

 Com. Dig., Abatement, F, 21, cites Theol. Dig. 1. 6, c. 13, § 7, 8, 9, 10, &c., 44 E, 3, 34, b, 39; H, 6, 46. — 1 Sid. 247. — Salk. 7.

 Com. Dig., Abatement, H, 9, cites Theol. Dig. 1. 9, c. 3, § 10, &c.

 [The permitting amendments is a matter of discretion. — Mandeville & Al. vs. Wilson, 5 Crunch, 14. — A superior court will not direct the court below to allow the proceedings to be amended. — Sheely vs. Mandeville & Al., 6 Cranch, 253. — And the allowance or disallowance of amendments is not a matter for which error lies.— Chirac & Al. vs. Rheinecker, 11 Whea. 280.— Thacker vs. Miller, 13 Mass. Rep. 270 — Ed.]