## Lewis Cobb, Junior, Petitioner &c., *versus* Job Lucas.

The enrolment in the militia, of L. C. *junior* as L. C. *second*, was held to be valid, *junior* and *second* being no part of the name.

A a orderly book of a company of militia containing a record that the company was ordered to assemble at a time and place specified, and that certain members named were absent, was held to be sufficient evidence of the meeting of the company, and of the non-appearance of the members named.

L. C., who was not liable to military duty, and L. C. junior, who was liable, lived within the bounds of a company in the militia. On the roll was the name " L. C. second "; in an order to a sergeant for calling a meeting of the company, he was directed to warn " L. C."; and he made out a notification directed to " L. C. junior," which was served on L. C. junior. *Held*, that L. C. junior was legally warned.

A sergeant who is directed to notify a company meeting, may send the notifications by an agent or servant. — Thus, where the captain, at the request of the sergeant, left a notification at the house of a private, the warning was *held* to be legal. (But see Revised Stat. *c.* 12, § 89.)

The neglect of the clerk of a company to record in the orderly book an order of the captain for calling a company meeting, will not be an excuse for the non-attendance of a private.

Where a notification was left at the house of a private, but he avoided going home in order that he might not receive it, he was *held* to have been duly warned.

This was a petition for a certiorari to a justice of the peace, by whom the petitioner had been fined for not attending a company training on the 7th of October, 1828.

At the trial before the magistrate, the roll of the company, corrected on the first Tuesday of May, 1828, was produced, containing the name of "Lewis Cobb 2d." The order from the captain to one Thomas, a sergeant, for warning the company, directed him to warn "Lewis Cobb," and other persons named, and others within the limits of the company, that to the knowledge of Thomas were liable to do military duty, to appear at the dwellinghouse of Levi Cobb, in Middleborough, on the 7th of October. The sergeant's return stated, that he had warned "Lewis Cobb junior." Lewis Cobb, the father of the petitioner, lived within the bounds of the company, but was not subject to military duty, by reason of age ; and it did not appear that any other person of the same name, except the petitioner, resided within those limits.

Thomas testified, that he signed a notice directed to

"Lewis Cobb junior," to warn him to training, and that he gave it to the captain to leave at the house of the petitioner's father; that on the 30th of September the witness saw the petitioner and asked him if he had received his notice; that the petitioner replied, no, not as he knew of; that the witness told him that he supposed one had been left at his father's, and that he presumed the petitioner made his home at his father's.

The captain testified that he received from Thomas, the sergeant, a notice for Lewis Cobb junior, and that on the 30th of September he left it with the petitioner's father, at the door of his house. This testimony was objected to.

Lewis Cobb, the father of the petitioner, testified that more, than four days before the training, when standing near the door of his house, he received from the captain a paper which the captain said was a notice for Lewis, and that the witness carried it into the house and handed it to his wife to give to his son; and that he did not know of his son's being at home before the 9th of October.

There was evidence tending to show that the petitioner avoided going to his father's house, where he lived, in order that he might not receive the notice until after the muster.

The orderly book of 'the company was produced, containing the following entry: — "Oct. 7, 1828. By order of Capt. Daniel Cobb, the company of militia commanded by him was ordered and directed to assemble and appear at the dwellinghouse of Levi Cobb, in Middleborough, on Tuesday the seventh day of October present, at eight o'clock in the morning, with arms and equipments as the law directs, for military duty, then and there to wait for further orders, &c., and the following persons were, absent, viz. (naming Lewis Cobb junior and others.) Several objections were made to this record, which were renewed in the petition for a certiorari.

The errors assigned in the petition, which were relied on, were; —

1. That by the papers produced in evidence it appeared that Lewis Cobb junior was not duly enrolled in the company, his name not being borne on the roll thereof.

2. That it did not appear that he had due notice to meet with the company on the 7th of October.

3. That the justice permitted the captain to testify in support of the prosecution. (But see *Burt* v. *Dimmock*, 11 Pick. 355, where it was held that a captain has no personal interest, and therefore is a competent witness, in the prosecution for a fine.)

4. That in the orderly book there is no record of the orders issued for warning the company to meet on the 7th of October ; and that it does not appear by any record therein, that there was a meeting or training of the company on that day ; or that the roll was called on that day ; or that the petitioner was not present at the supposed meeting of the company on that day.

*Stevens*, in support of the petition, cited as to the misnomer, *Commonwealth* v. *Hall*, 3 Pick. 262 ; and as to the insufficiency of the orderly book, *Sawtel* v. *Davis*, 5 Greenl. 438.

Oct. 27th, 1830

*Eddy, contrà,* cited in regard to the service of the notification, *Commonwealth* v. *Cutter*, 8 Mass. R. 279.

The opinion of the Court was afterwards drawn up by

MORTON J. The appointment and qualification of the captain and clerk are admitted. The petitioner also appears to have been duly enrolled. The addition of *second* to his name would as clearly distinguish him from an older person of the same name, as *junior*. Neither of the terms constitutes any part of the name, but they are used to describe and designate the person ; as his residence is sometimes used for the same purpose. *Kincaid* v. *Howe*, 10 Mass. R. 203 ; *Commonwealth* v. *Perkins*, 1 Pick. 388.

The orderly book was competent and sufficient evidence of the meeting of the company, and of the absence of the petitioner ; according to the decision in the preceding case.

The company order directing the sergeant to warn Lewis Cobb, gave him authority to notify the petitioner. Although there was another person within the limits of the company, of the same name, yet he was not liable to do military duty ; and this circumstance, if known to the sergeant, would enable him to determine which of the two was intended. Besides, as above remarked, *junior* or *second* is no part of the name,

Coob
*v*
Lucas.

but only addition or description, used to designate the indi vidual referred to ; and where no addition is required by law, an error in it cannot invalidate. If therefore the petitioner was duly notified, he cannot object that the warning officer had no authority to warn him.

The return of the sergeant on the warrant, shows that he warned Lewis Cobb *junior*. It also appears from his testi mony, (and he is a competent witness to this point,) that he made out and signed a written notice directed to Lewis Cobb *junior*, and gave it to the captain to be delivered to the pe titioner. That this was left at the house of his father, is directly proved by the testimony of the captain, and is clearly to be inferred from other evidence in the case. It is also shown that the petitioner lived at his father's house. A noti fication left at his last and usual place of abode, was a legal warning, whether the sergeant left it himself or sent it by an agent or servant. [But see Revised Stat. *c.* 12, § 89.] And although it was not a service very appropriate to the office of captain, yet in a legal view he might as well be the messenger, as any other person.

It was further proved by the warning officer, that he per sonally informed the petitioner that a notification was left at his father's ; so that he had not only *constructive*, but *actual* notice of the training.

It unquestionably was the duty of the clerk to record *this* and all other company orders in the orderly book. But the authority of the orders of the commanding officer do not de pend upon their being recorded, and this neglect of duty on the part of the clerk will not invalidate them.

The conduct of the petitioner in working and lodging about in the neighbourhood and avoiding his father's house and his own home, was a shallow subterfuge to evade the law, unwor thy the character of a soldier, and which, were it effectual, would be a reproach to the administration of justice.

*Petition dismissed.*