The following opinions were delivered :
The Chancellor.
The grounds upon which we are asked to dismiss the writ of error are, 1. The variance in the description of the defendant, by the omission of the word junior; 2. The omission to bring the writ of error within two years after the actual rendition of the judgment in the supreme court; and *526 3. The neglect of the plaintiff to give notice of the filing of the bond for costs, in error, within the time prescribed by the statute.
The objection on the ground of variance is certainly not well taken. The addition of senior ox junior to a name is mere matter of description, and forms no part of the name. It is generally to distinguish between a father and a son of the same name, who reside at the same place; but the addition is useless, and the omission thereof furnishes no ground of objection on account of variance, where there is any other addition or description by which the real* party intended can be ascertained. The People v. Collins, 7 Johns. R. 549. Lapiot v. Browere, 1 Salk. R. 7. Kincaid v. Howe, 10 Mass. R. 203. The person who makes this application was Samuel Youngs, the younger, at the commencement óf his suit before the justice, five years since ; but, for aught that appears in this case, he may have been Samuel Youngs, the elder, in October last, when this writ of error was sued out. Whether he was or not, the addition of his name of office, by which he was described in the record of the supreme court, would be sufficient to identify him as the party to that record, even if it appeared *that he had a father by that same name residing in the town of Oysterbay, unless it also appeared that the father was an overseer of highways, and that he had likewise recovered a judgment in the supreme court against Fleet, the plaintiff" in error. The reference to the judgment, in the condition of the bond for costs, is sufficient to identify the person intended as the obligee, and who will be entitled to sue thereon if the condition shall be broken.
If the suing out of the writ of error, more than two years after the judgment of the supreme court was actually pronounced and entered in the minutes of that court, were the only alleged irregularity in this case, it would not be necessary, on this motion, to inquire whether, by the statute, the two years are to commence running from that time, or only from the time of filing the judgment record, as it appears to be contrary to the settled practice, to allow the defendant in error to avail himself of the statute of limitations in this manner. In appeal cases, where special pleading is not allowed, it is proper for the respondent to apply to dismiss the appeal, if it is not brought within the time limited by the statute, or if the right to appeal is barred in any other manner ; but on writs of error, it appears to have been the settled practice of the English courts, for nearly a century, to require the defendant in error to plead the statute of limitations in bar, so as to enable the plaintiff in error to reply the exceptions in the statute. Higgs v. Evans, 2 Strange, 837. Street v. Hopkinson, Lee’s Cas. temp. Hardw. 345. 3 Bac. Abr., ed. of 1832, p. 114, tit. Error, L. 1 Chitty’s Archb., ed. of 1833, p. 326. The same practice also appears to prevail in our sister states of Massachusetts and Connecticut. Eager and wife v. The Commonwealth, 4 Mass. R. 182. Allin v. Cook, 1 Root’s R. 54. This court, however, adopted the practice of the court of exchequer chamber in England, on writs of error in cases not provided for by the rules ; it is proper to follow it here until the rule is changed. But if this practice should be found inconvenient, or too expensive to the parties, I have no doubt this court has the power to change the practice, by a rule of the court, so as to permit the defendant to avail himself of the limitation prescribed by the statute, on a motion to dismiss the writ of *error, instead of driving him to his plea; and, in the present case, if the plaintiff in error has been guilty of technical irregularly, which authorized the defendant to apply to dismiss the writ of error, although it is such an irregularity as this court would have relieved against under other circumstances, yet, if the remedy of the plaintiff is barred by lapse of time, we may take that into consideration in *527 deciding upon the question whether the motion to dismiss on the ground of the technical irregularity shall be sustained.
Such a technical irregularity exists here. By the 34th section of the article of the revised statutes relative to the writs of error, 2 R. S. 597, the party prosecuting a writ of error is required, within ten days after the filing of his writ, to give notice to the defendant in error or his attorney of the execution of the bond for costs, &c. with the names, additions and residence of the sureties in such bond, to enable the defendant in error to except to the sufficiency of the sureties. Provision is made by a subsequent section for superseding the writ of error, if the sureties do not justify within a limited period after notice of an exception to them for insufficiency. This provision, however, does not reach the case of a neglect of a plaintiff in error to give the notice required by the 34th section ; and a neglect to comply with the directions of that section of the statute, is, in my opinion, such irregularity on the part of the plaintiff as will authorize the court in which the writ of error is returnable to dismiss the same, unless some excuse is given to satisfy the court the neglect was not intentional. In the present case, if the statute of limitations is not a bar to the writ of error, I should feel disposed to let this motion stand over to the next motion day, to give the plaintiff in error an opportunity to render such excuse if he has any to give ; but if the court agree with me in supposing that the statute will be a valid bar in this case, if set up by way of plea, then it would be useless to subject these parties to further expense by relieving the plaintiff in error from the consequence of his irregularity, and driving the defendant to his plea in bar.
By the English statute of limitations as to writs of error, the plaintiff was required to sue out his writ within twenty years *after the judgment was signed or entered of record, with the usual saving in favor of infants, &c. But in the former revision of the laws in this state, the language of the statute, as well as the time of the limitation, was changed. The period of limitation was reduced to five years, without any exception in favor of infants, feme coverts, &c.; and the statute required the writ of error to be brought within five years after the rendition of the judgment, instead of directing the time for suing out the writ of error to commence from the signing or entering the judgment on record, as in the English statute. The language of the statute, as contained in the recent revision, is, that the writ of error shall be brought within two years after the rendering of the judgment or final determination of the court, and not after ; with an exception in favor of infants, lunatics, &c. for a further time, not exceeding five years from the time of rendering the judgment. I am at a loss to account, for this change in language from the English statute, except upon the supposition that the legislature intended the statute should commence running from the time the judgment was actually given, which seems to be the natural meaning of the expression—within two years after the rendering of such judgment or final determination. In point of principle, it is not very material whether one construction or the other is adopted, as the plaintiff in error may himself obtain permission to make up the record, if the adverse party neglects to do it within a reasonable time after the actual rendition of the judgment, Jackson v. Parker, 2 Caines’ R. 385; and it is not necessary to wait for the filing of the record before a writ of error can be sued out. It is sufficient if the judgment is signed and filed at any time before the actual return of the writ of error, although after the return day is past. Arnold v. Sandford, 14 Johns. R. 417.
Believing that there has been a technical irregularity on the part of the plaintiff in error, and that his remedy is barred by lapse of time, so that it would *529 be useless for him to proceed further in this case, I shall vote to dismiss the writ of error.
*By Senator Tracy. So far as the policy of the statute is concerned, it is indifferent whether we construe the time of limitation to commence on the entry of the rule for £naljudgment, or not until the filing ol ,the record ; and it would not be doing violence to the language of the statute, to give to it either construction. But it strikes me that the more obvious and natural import of the expression “ rendering of such judgment ” is the annunciation or declaring the decision of the court indicated by the rule for judgment ; and this construction is fortified by the fact that our statute varies in its expression from the English statute, which refers in terms to the filing of the judgment record. But however this may be, it is plain that the statute does not intend to secure to the party more than two full years for exercising his right to bring a writ of error; and it having been already decided that he need not wait for filing the record, but may sue out his writ of error as soon as the rule for judgment is entered, it would seem to be only in consistency with this decision that the term for the limitation of the right should be coeval with the right itself. I concur, therefore, in the conclusion to which the chancellor has arrived.
By Senator Seward. The statute of limitations can be taken advantage of only by plea. The statute, in my opinion, does not commence to run until the filing of the record, which the legislature contemplated should be filed previous to the suing out of the writ of error, as is manifest from the provision requiring the certificate of counsel. In the supreme court, a judgment is not considered final until the filing of the record; for until then, parties may move to set aside a verdict or report of referees, but not afterwards. The motion should be denied.
On the suggestion of the chancellor, the first question put was, Is the writ of error barred by the statute 1 upon which the members of the court voted as follows:
*In the affirmative—The President, The Chancellor and Senators Armstrong, Conklin, Cropsey, Edwards, Fisk, Gansevoort, Lansing, Mac Donald, Seger, Tracy, Van Schaick, and Westcott—14.
In the negative—Senators Seward, Stower—2.
Whereupon the writ of error, by a similar vote, was quashed, with costs.