WILLIAM S. HUNGERFORD, *Complainant,*

*vs.*

CALEB CUSHING ET AL., *Defendants.*

APPEAL IN EQUITY FROM DANE CIRCUIT COURT.

An appeal does not lie from an order merely irregular, but application must be made, in the first instance, to the court in which the order was made, to set it aside; the decision of which, if refused, is a proper subject of appeal.

An order made at a special term, relating to the possession of property in controversy, without notice to the adverse party, is irregular, and should be set aside on motion.

This cause was taken by appeal from a final decree of the said Circuit Court made therein, to the Supreme Conrt, as stated in the preceding case; when the decree of the Circuit Court was reversed at the December term, 1852.

At a special term of the Circuit Court for Dane county, held December 31, 1852, the following order was made:

"On reading the order and decree of the Supreme Court for the State of Wisconsin, made in the above entitled cause, at the December term, A. D. 1852, of said court, in appeal from the order and decree of the said Circuit Court of Dane county, heretofore made in this cause, as appears from the decree of said Supreme Court, made and duly certified to this court, and now on file and of record therein, wherefrom it appears that the decree of said Circuit Court heretofore made herein is reversed for want of parties; and from which it appears also, that the said Supreme Court recommended to this Court, that the complainant remain in possession of the property by him now

possessed and described in his bill of complaint, until this court should otherwise order, upon good cause shown to this court, that the said complainant ought no longer to retain such possession; therefore, in accordance with said recommendation, and on motion of said complainant, by his solicitor, it is ordained and adjudged that the complainant do remain in possession of the said property and premises in his said bill described, until the further order of the court.

Dec. Term 1853.

Hungerford<br>vs.<br>Cushing et al.

"By the Court.<br>"Levi Hubbell."

This order was made without notice. At the October term, 1853, the defendants moved to vacate said order, on the ground of irregularity ; which motion was denied, and the defendants appealed.

Mr. Justice Smith sat *pro forma* merely, as in the other cases.

*McArthur & Bartlett*, for appellants.

*Knowlton & Collins*, for appellees.

*By the Court*, Whiton, C. J. This is an appeal from an order of the Circuit Court for Dane county, denying a motion to vacate a former order of the court, for irregularity. It appears that an order was made on the 31st of December, 1852, that the complainant should remain in possession of the property described in the bill of complaint, until the further order of the court. There is no doubt that the order was irregular, as will appear by a reference to the opinion of the court in the preceding case. The only question is, whether the proper course to procure its reversal, was to take it to the Supreme Court by appeal, or to apply to the Circuit Court in the first in-

B*

Dec. Term
1858.

Hunger-
ford
vs.
Cushing
et al.

stance, and if that court refused to vacate it, to appeal from the order of the court containing the refusal. The appellants have adopted the latter course.

It was held in the case of *Gibson et. al. vs. Martin*, 8 *Paige*, 481, that no appeal would lie from an order which was merely irregular, but that application must be made in the first instance to the court in which the order was made, to set it aside for irregularity; and if the Court should refuse to set it aside, its decision denying the application, would form a proper subject of appeal. I think the appellants have adopted the proper course, and the order of the Circuit Court must therefore be reversed, with directions to that court, to vacate the order of the 31st of December, 1852, above alluded to.