BEGG vs. BEGG and others.

*December 16, 1882 — January 9, 1883.*

EJECTMENT. *(1) Pleading and evidence.*
EQUIVOCATION in deed. *(2) Court and jury. (3) Evidence.*

1. The defendant in ejectment may prove, without pleading it specially, any matter which would defeat the plaintiff's title or render the deed on which he relies for title ineffectual for that purpose, or show that such deed ought to inure to the benefit of the defendant.
2. In an action at law the question as to which of two persons of the same name is the grantee named in a deed is one of fact to be determined by the jury.
3. In determining which of two persons of the same name is the grantee named in a deed much latitude of inquiry into the facts and circumstances must necessarily be allowed, especially where one of such persons is dead.

APPEAL from the Circuit Court for *Waukesha* County.

Ejectment. The complaint is in the usual form. The substance of the answer is stated in the opinion. At the trial the defendants offered in evidence a copy of the original claim filed by the plaintiff against the estate of James Begg, Jr., for " cash paid and advanced to William Guthrie [the guardian who executed the deed of the land in question] at the special instance and request of said James Begg, Jr., and for his use and benefit," as follows: January 6, 1866, $1,300; July 6, 1867, $416; July 6, 1868, $393.25;

also for $370.50, cash, so paid and advanced to John Mc-
Kenzie (the assignee of a mortgage of the whole quarter
section of which an undivided one half is claimed in the
complaint, given by James Begg, Jr. to William Guthrie on
the 6th day of January, 1866) on the 6th day of July, 1869.
This claim, after being filed, had been withdrawn, and an
amended claim substituted therefor for "moneys paid and
advanced to William Guthrie and John McKenzie at the
special instance and request of said James Begg, Jr., and
for his use, arising out of the purchase of an equal undivided
parcel of land . . . purchased by said James Begg, Jr.,
in his life-time . . . by deed dated on or about Decem-
ber 25, 1865," as follows: January 6, 1867, $416; January
6, 1868, $370.50. The defendants also offered to show that
the plaintiff had stated that the land was purchased for his
son. All of such evidence was excluded by the court. Other
facts will appear from the opinion.

The court directed the jury to return a verdict for the
plaintiff, and from the judgment entered on such verdict the
defendants appealed.

The cause was submitted for the appellants on the brief of
*A. Cook* and *P. H. Carney*, as attorneys, and *J. V. V.
Platto*, of counsel, and for the respondent on the brief of
*D. H. Sumner*.

ORTON, J. The plaintiff in ejectment claims the undivided
one half of the quarter section described in the complaint by
virtue of a certain guardian's deed, dated the 6th day of
January, 1866, which is in form to *James Begg* as the
grantee. The answer sets up substantially that James Begg,
the son of the plaintiff and the husband of the defendant
*Ann Adel* and the father of the defendants *Mary Adel* and
*James Stewart Begg*, purchased of the same guardian the
other undivided half of said quarter section, and received a
deed therefor, dated December 25, 1865, and that afterwards

he purchased of said guardian the undivided half of the quarter section in dispute, and received the identical deed therefor set up by the plaintiff as evidence of his title, and that the said James Begg, the son, or James Begg, Jr., was intended to be and was the real grantee in said deed, and that he received a delivery thereof, and immediately thereafter he went into the possession of the premises thereby conveyed, and cultivated and improved the same, and made valuable improvements thereon in the shape of buildings, fences, etc., and continued in such possession until he died, and that the defendants have continued in such possession ever since. The fact alleged, that ʼthe deed by which the plaintiff claims was really the deed of the son, James Begg, and that he was the real grantee, and intended as such, might have been proved without answer to that effect, even in an action of ejectment, as the defendant in such a case may show, without setting it up specially, any matter which would defeat the plaintiff's title or render the deed on which he relies for title ineffectual for that purpose, or, as in *McMahon v. McGraw*, 26 Wis., 614, show that such deed ought to inure to the benefit of the defendant. This has been so often decided by this court that reference to the numerous cases to that effect need not be made. The matter of pleading is, therefore, out of the case.

It will be perceived that the main question here was of *identity*, or which of the two persons, the father or the son of the same name, was the real grantee of that deed. It was in evidence that, by usage at least, the plaintiff was designated as *James Begg, Sr.*, and the son as James Begg, Jr., but as such affixes are no part of the name, so as to render identity absolutely certain on the face of a deed, and as neither was used in this deed, it is immaterial, other than as a fact which might be shown with other evidence in order to prove which of the two was intended. *Kincaid v. Howe*, 10 Mass., 203.

Begg vs. Begg and others.

In a sense, as to the real person intended, there is a *latent ambiguity* in the deed, but more properly, perhaps, it is a question of identity; as in wills, "where the words are neither ambiguous nor obscure, and the devise on the face of it is perfect and intelligible, but from some of the circumstances admitted in proof an ambiguity arises as to which of two or more things, or which of two or more persons (each answering the words in the will), the testator intended." 1 Greenl. on Ev., § 289. This is what Lord Bacon called "an *equivocation;* that is, the words equally apply to two things or two persons." But it is clear that in any sense this question is not one of construction or of law, to be decided by the court in an action at law, but one of fact, pure and simple to be passed upon by the jury; as much so as the meaning of words used in a written instrument, which this court held was a question for the jury (*Ganson v. Madigan*, 15 Wis., 145); and, as the questions in the cases hereafter cited, in analogy to this case.

The plaintiff, in addition to the introduction of the deed, saw fit to open this inquiry as to which of these two persons of the same name was the real grantee, and on cross examination there was elicited some evidence at least that the son and not the father was such person; so that there was some evidence on behalf of both parties on this question which should have been submitted to the jury. In any view, therefore, the circuit court erred in directing a verdict for the plaintiff. As to the main question, and the extrinsic and parol evidence admissible in such cases, the case of *Diener v. Diener*, 5 Wis., 483, is almost exactly parallel, although that case was in equity to make certain the deed as between father and son of the same name. Any facts and circumstances which could possibly have a bearing upon the question, even the declarations of the two grantees as to which one was the real grantee or the one intended, were admitted in evidence.

We are quite clear that the evidence offered by the defendants in this case as to the original bill presented by the plaintiff against the estate of the son for supposed moneys furnished the son to buy this land, and the statements of the plaintiff concerning the matter of the deed and the purchase, should have been received. Much latitude of inquiry in such a case must necessarily be allowed, especially where one of the pretended grantees is dead. Many cases similar in principle have been before this court, in which a wide range of inquiry into the facts and circumstances has been allowed to determine a similar issue, as in *Thompson v. Jones*, 4 Wis., 106, where the deed described the premises as in the *northwest* quarter section, it was allowed to be proved by parol that the *southeast* quarter section was intended; or as in *Atwater v. Schenck*, 9 Wis., 160, where the county and state were omitted in the description of the land, it was allowed to be shown that the land imperfectly described and claimed was the land intended to be conveyed; or as in *Staak v. Sigelkow*, 12 Wis., 234, where the deed was made by the wrong baptismal or Christian name, it was allowed to show by parol who was the person intended; or as in *Schmitz v. Schmitz*, 19 Wis., 207, where, in case of the division of a lot, the half intended to be set off to the party was shown by the fact of possession being taken at the time of the division, and by the parol agreement of the division; or as in *Sargeant v. Solberg*, 22 Wis., 132, where the mortgage was for wood piled on a certain lot by number, parol evidence was allowed to show the wood intended to be mortgaged; or as in *Bancroft v. Grover*, 23 Wis., 463, where, in an arbitration award, a certain note was described by the wrong name, evidence was allowed as to the person intended. See, also, *Harding v. Coburn*, 12 Met., 333; *Mil. & Minn. Railway Co. v. Mil. & W. R. R. Co.*, 20 Wis., 174, and the cases cited therein.

There seems to be some discrepancy in the record as to the surname of the defendants, it being *Beggs* instead of *Begg*,

in the summons and complaint, and other papers of the plaintiff, but the name is *Begg* in the answer, as well as in the two deeds of 1865 and 1866, and the names would most likely be the same, as one is the father and the other the son, and what object could be subserved by this wrong statement of the name by the plaintiff cannot well be conceived, if there was any purpose, and it was not a mere mistake. But this discrepancy is not noticed in the brief of counsel, and the names should be corrected in the future progress of the cause.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.