THE GERMANTOWN FARMERS' MUTUAL INSURANCE COMPANY vs.
DHEIN and wife.

*April 5 — May 31, 1883.*

*(1) Appealable order.  (2) Reformation of mortgage: immaterial
clerical error.*

1. An order denying a motion, not upon the merits, but for want of
prosecution (under Circuit Court Rules, XI, sec. 3), is not appeal-
able.                                                              •

2. Where, by a clerical error, the name of a mortgagee was written
"Germantown Farmers' Mutual *Fire* Insurance Company" instead
of "Germantown Farmers' Mutual Insurance Company," in the
mortgage and notes secured thereby, it is unnecessary in an action
for foreclosure to have the instruments reformed. The mistake
may be explained by evidence or disregarded as immaterial.

APPEAL from the Circuit Court for *Milwaukee* County.
The case is stated in the opinion. The defendants ap-
pealed from the order denying, for want of prosecution,
their motion to set aside the judgment.

The cause was submitted for the appellant on the brief of
*Frisby & Weil:*

1. The mortgage sought to be reformed and foreclosed is
defective, and in equity stands on the same footing as an ex-
ecutory contract to mortgage. *Petesch v. Hambach,* 48 Wis.,
443; *Eaton v. Eaton,* 15 id., 259; *Hait v. Houle,* 19 id., 472;
*Hanson v. Michelson,* id., 498; *Martin v. Dwelly,* 6 Wend.,
9; *Conrad v. Schwamb,* 53 Wis., 372, 377. The action to re-
form the mortgage being in the nature of an action for a
specific performance of the original agreement of the hus-
band, which is not binding upon the wife, cannot be enforced
as to her. An instrument can only be reformed to give ef-
fect to a previously binding contract. *Heath v. Van Cott,*
9 Wis., 516; *Martin v. Dwelly,* 6 Wend., 9; *Erwin v. Downs,*
15 N. Y., 575; *Yale v. Dederer,* 18 id., 265; Kerr on Fr. &
M., 149, 150; Tyler on Inf. & Cov., 315; *Rogers v. Weil,* 12

Wis., 664; *Conway v. Smith*, 13 id., 125; *Todd v. Lee*, 15 id., 365; *Petesch v. Hambach*, 48 id., 443; *Conrad v. Schwamb*, 53 id., 372. 2. The wife, if she chooses, may join with her husband in a conveyance or mortgage of his lands, but if it is defective it cannot be reformed as to her, unless by virtue of some express statute. Tyler on Inf. & Cov., 315; *Carr v. Williams*, 10 Ohio, 305; *Purcell v. Goshorn*, 17 id., 105; *Davenport v. Sovil*, 6 Ohio St., 459; *Martin v. Dwelly*, 6 Wend., 9; *Miller v. Hine*, 13 Ohio St., 565; *Dickinson v. Glenney*, 27 Conn., 104; *Martin v. Hargardine*, 46 Ill., 322; *Shroyer v. Nickell*, 55 Mo., 264; 7 Cent. L. J., 182; *Grapengether v. Fejervary*, 9 Iowa, 163, 173; *Petesch v. Hambach*, 48 Wis., 443; *Conrad v. Schwamb*, 53 id., 372. 3. As to the homestead, the instrument in suit, as a mortgage, being void as to the wife is void also as to the husband, for he cannot mortgage the homestead if she does not join. And the court cannot carry her signature from an imperfect or void instrument to a perfect one, which it must necessarily do in order to reform such instrument.

For the respondent there was a brief by *Stark & Brand*, and oral argument by *Mr. Stark*. To the point that the mortgage needed no reformation, and that the misnomer of the mortgagee was immaterial, they cited: Ang. & A. on Corp., secs. 647 *et seq.;* Boone on Corp., sec. 30; *McMinn Academy v. Reneau*, 2 Swan (Tenn.), 94; *Hoboken Building Asso. v. Martin*, 2 Beasl., 427; *N. W. Distilling Co. v. Brant*, 69 Ill., 658; *Fort Wayne v. Jackson*, 7 Blackf., 36; *African Society v. Varick*, 13 Johns., 38; *Chadsey v. McCreery*, 27 Ill., 253; *Douglas v. Branch Bank*, 19 Ala., 659; *People v. Runkle*, 9 Johns., 147; *St. Louis Hospital Asso. v. Williams' Adm'rs*, 19 Mo., 609; *Culpeper A. & M. Society v. Digges*, 6 Rand. (Va.), 165; *Berks & Dauphin Turnpike Road v. Myers*, 6 Serg. & R., 12; *S. C.*, 9 Am. Dec., 402, and note; *Nazro v. Merchants' M. Ins. Co.*, 14 Wis., 295; *First Parish v. Cole*, 3 Pick., 232; *City Bank v. McClellan*, 21 Wis., 112;

*N. W. M. Ins. Co. v. Germania Ins. Co.*, 40 id., 446; *Attorney General v. Railroad Companies*, 35 id., 556.

ORTON, J.   The action is for the foreclosure of a mortgage. The defendants' both appeared and answered, but they failed to appear at the trial and insist upon their defense, and judgment of foreclosure was regularly taken.   The defendants thereafter obtained a rule to show cause why the judgment should not be set aside and the cause stand for trial, upon certain affidavits showing the reasons for their non-appearance at such trial for the purpose of excusing the same, which said rule was returnable to be heard on the 11th day of July, 1881, or as soon thereafter as counsel could be heard.   The order appealed from recites that "the motion coming on to be heard, and no one appearing on the part of the defendants in support of said motion, on motion of Joshua Stark, of counsel for the plaintiff, it is ordered that said motion be and the same is hereby denied, and said order to show cause is discharged, with costs," etc.   The motion was denied for want of prosecution under rule XI, sec. 3, which reads as follows: "If the party making the motion or procuring the order to show cause shall not appear to prosecute the same, such court or judge may dismiss or deny the same."   This order is clearly not appealable.   The motion was not heard on its merits, but denied under the rule and denied according to the rule.

There is nothing to be decided by this court except that the circuit court had the right under the rule to deny the motion for failure to prosecute it.   The circuit court committed no error of law or of fact for review or revision by this court.   It made no determination of the motion, or considered it or passed upon it in any way.   The motion was abandoned by the defendants, and lapsed by their absence and default.   The only way for its merits to reach this court by appeal (if then) is for the defendants to excuse

their default and have their motion reinstated, and have this order denying it set aside, by application to the circuit court, and if such application is denied, appeal from such order. *Hungerford v. Cushing*, 2 Wis., 416. The order is a matter of practice under the rules, and involved the exercise of no judgment or discretion, except to dismiss or deny the motion. This precise question has, perhaps, never been decided before by this court, but, in principle, it is ruled by *Waldo v. Rice*, 18 Wis., 404, in which the order was refusing to dismiss for want of prosecution, and Chief Justice Dixon, after saying that such an order may in some sense involve the merits, said: "But this is not the sense of the statute. It is only when the merits themselves are determined by the order that an appeal is given. In this case the appeal comes up upon a mere preliminary question of practice not involving the merits. It is whether the cause shall proceed to trial upon the merits. The court decided that it should, and from that order there is no appeal." That case was followed in *Reed v. Lueps*, 30 Wis., 561.

This case presents a singular succession of defaults by the defendants, first, by their failure to appear at the trial and urge their defense; and then by their failure to appear at the hearing of their motion and prosecute it, to set aside the judgment; so that, so far, the merits of their case have never been passed upon by the circuit court. This court has no original jurisdiction to hear or try cases of this kind, which have never been heard or tried in the court below. The original judgment was regular, because there was no defense, and the order denying the motion to set it aside was also regular, because not prosecuted. The court below, and not this court, can grant or deny the relief sought for the first time on the merits.

If on this appeal we could look into the merits of the motion, which was denied under the rule for failure to prosecute it, the important and material question would have

been presented, whether the answer set up any defense to the complaint. The defense seems to rest wholly upon the clerical error of inserting in the corporate name of the plaintiff, between the words, "Farmers'" and "Mutual," the word "Fire" in the note and mortgage. It is alleged in the complaint that the money was loaned to the defendant by the plaintiff, and that the note and mortgage were delivered to the plaintiff; and that the plaintiff was the party intended, and the mistake was that of the scrivener. This clerical error appears obviously, and the above allegations are not denied, and the defendants were not even misled. The only point in the answer upon which the defendants predicate their defense is the prayer to correct or reform the mortgage. Inasmuch as there has already been considerable delay in the case, and the question may finally reach this court, we feel justified in intimating that the prayer to reform the mortgage in this particular was not necessary or material. If the clerical error is not apparent at first blush, the proof that the plaintiff was intended would be sufficient to make the subsequent record correspond with the fact. It has been often decided by this court, in cases where the error in name was even greater, both of persons and corporations, that it might either be explained by evidence or disregarded as immaterial.

In *Attorney General v. Railroad Companies*, 35 Wis., 432, the discrepancy in the name of the corporation was greater than here, and was disregarded, although the misnomer was in a statute. The chief justice said in respect to it: "We should be ashamed to sit here and suffer the law to fail, where the design of the legislature is so apparent, through so mere a verbal quibble on so mere a verbal accident." In *Thompson v. Jones*, 4 Wis., 106, proof was allowed to show that the description of the land as the north*west* quarter was intended to be the north*east* quarter in the deed. In *Staak v. Sigelkow*, 12 Wis., 234, it was shown what person named in the deed

by a wrong baptismal or christian name was intended.   See, also, *Begg v. Begg,* 56 Wis., 534, and cases therein cited. The late case of the *State ex rel. v. Timme,* 56 Wis., 423, is in point, where the error was leaving out the word " Wisconsin " from the corporate name of the Northern Agricultural & Mechanical Society. It was held that the society intended was easily ascertainable by reference to the laws themselves, and the error was immaterial.

The real intention of the parties as to who was the mortgagee, and that the mortgage was delivered to the plaintiff and the loan made by the plaintiff, and that the note and mortgage were delivered to the plaintiff by such name, were admitted by not being denied, and thereby the error was cured as well as explained as much as if it had been proved.

*By the Court.*— The appeal is dismissed, and the cause remanded for further proceedings according to law.