# W. W. CHAMBERLAIN *v.* MARIA J. BUSH AND JOHN E. BUSH.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

### SUBMITTED OCTOBER 23, 1905.  DECIDED OCTOBER 30, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

MORTGAGE FORECLOSURE—*name of mortgagee.*

Where the name of the mortgagee in a note and mortgage was through a mistake erroneously described as the Hawaiian Evangelical Association instead of the Board of the Hawaiian Evangelical Association, a corporation, the party intended and for whose benefit the note and mortgage were executed and delivered, and there was in existence a voluntary unincorporated association known as the Hawaiian Evangelical Association, a bill to foreclose said mortgage may be brought by the assignee of the Board of the Hawaiian Evangelical Association, a corporation, without first

reforming the note and mortgage and without joining the voluntary unincorporated association as a party.

Id.—*variance between mortgage and decree in description of the premises.*

An objection that there was a variance between the description of the premises in the mortgage and the decree is not considered in the absence of a transcript showing the testimony on that point.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by defendants from a decree of foreclosure and sale. The suit was brought by W. W. Chamberlain, the assignee of the mortgagee, against Maria J. Bush and J. E. Bush, the mortgagors. It is alleged in the bill, denied in the answer of defendants, and found by the circuit judge, that on May 5, 1899, the mortgagors borrowed $5,500.00 from the Board of the Hawaiian Evangelical Association, a corporation, and gave to said corporation their promissory note for said sum secured by mortgage on certain real estate, and that the name of the mortgagee was, through a mistake, erroneously inserted in the mortgage as the Hawaiian Evangelical Association, a Hawaiian corporation, and in the note as the Hawaiian Evangelical Association, instead of the Board of the Hawaiian Evangelical Association, a corporation, the party intended and for whose benefit the note and mortgage were executed and delivered. The circuit judge also found that at the date of the execution of the note and mortgage there was a voluntary and unincorporated association of persons known as the Hawaiian Evangelical Association of which one W. W. Hall was the treasurer, and that said W. W. Hall was also the treasurer of the Board of the Hawaiian Evangelical Association, a corporation.

The first claim of appellants is that a bill should have been brought to reform the note and mortgage so as to conform with the real intention of the parties, or, at any rate, that this voluntary and unincorporated association should have been made a party to this suit. This is on their theory, as set up in their answer, that there was no mistake in the name of the mortgagee

in the mortgage and of the payee in the note and that they borrowed the money from the Hawaiian Evangelical Association and gave their note and mortgage to secure same to that association. But the circuit judge has found otherwise, and it is not attempted to be shown that his finding is erroneous. It also appears from the bill and is found by the circuit judge, and is not denied on this appeal, that after the execution of the mortgage a portion of the mortgaged premises was released to the defendants by the real mortgagee, the Board of the Hawaiian Evangelical Association, a corporation, and another portion released by the real mortgagee to one McCandless, a grantee of defendants. Upon the facts in this case there was no error in not seeking a reformation of the note and mortgage before foreclosing. See Wiltsie, Foreclosure of Mortgages, p. 329; 2 Jones on Mortgages, Sec. 1464; *Germantown Farmers' Mutual Insurance Co. v. Dhein,* 57 Wis. 521. It is not necessary that the Hawaiian Evangelical Association, the voluntary unincorporated association, should be a party to this suit, because it was shown that that association had no interest in the subject matter of the controversy.

The next claim of appellants is that there is a variance between the premises described in the mortgage and those decreed to be sold. The record on this appeal not disclosing the testimony on this point, we must assume that the decree is correct and this objection is therefore overruled.

The decree appealed from is affirmed and the case remanded to the third circuit judge of the first circuit.

*Smith & Lewis,* for plaintiff.

*C. W. Ashford,* for defendants.