YELLOW MANUFACTURING ACCEPTANCE CORPORATION, Respondent, v. BRITZ, Appellant.

*November 30, 1959—January 5, 1960.*

For the appellant there were briefs and oral argument by *Ken Traeger* of Gresham.

For the respondent there was a brief by *Adolph I. Mandelker*, attorney, and *John H. Wessel* of counsel, both of Milwaukee, and oral argument by *Mr. Wessel.*

FAIRCHILD, J. The defense is founded upon the proposition that once it was established that there are two people named George P. Britz, an ambiguity was disclosed, and all facts and circumstances tending to identify which George P. Britz the parties intended to name as buyer became admissible. The county court apparently proceeded upon the theory that once it was shown that George, Sr., wrote the name upon the contract, the ambiguity was resolved, and no further extrinsic evidence was admissible.

The county court said:

"It is the signature of Britz, Sr., as 'George P. Britz' which appears upon the contract as the buyer. . . . An agent, who binds himself, is not allowed to contradict the writing by proving that he contracted only as agent and not as principal."

We would agree that once the identity of the George P. Britz named as buyer was determined, that individual could not show, in order to escape liability, that he was acting as agent for another. *Weston v. McMillan* (1877), 42 Wis. 567; *Stowell v. Eldred* (1876), 39 Wis. 614; 20 Am. Jur., Evidence, p. 982, sec. 1125.

The real question, however, is: Whose name appears in the contract as buyer?

Where it is shown that two people bear the name which appears in a written instrument, parol evidence is admissible to resolve the latent ambiguity, or question of identity. *Begg v. Begg* (1883), 56 Wis. 534, 14 N. W. 602. See also annotation, 20 A. L. R. 992. We see no reason why the fact that one of the two people with identical names signed the instrument is conclusive as to the identity of the person

intended. This fact would doubtless have great weight if the other evidence as to the intention of the parties were not persuasive.

None of the extrinsic evidence offered tended to vary the terms of the written instrument, but all of it was offered for the purpose of resolving the question of the identity of the person referred to as George P. Britz. Had someone with a different name, but holding a power of attorney from both Britzes, written the name, George P. Britz, on this contract, it would be clear that all relevant parol evidence would be admissible to show which George P. Britz was intended, and we are of the opinion that the fact that one of the Britzes manually signed the contract is not conclusive as to the identity of the person referred to.

The American Law Institute has reached the same result in a somewhat similar situation in Restatement, 2 Agency (2d), p. 73, sec. 323 (3). It is there stated:

"If the fact of agency does not appear in an integrated contract, an agent who appears to be a party thereto cannot introduce extrinsic evidence to show that he is not a party, except: . . .

"(b) to establish that his name was signed as the business name of the principal and that it was so agreed by the parties."

The comment is made (p. 74):

"For trade purposes a principal may take the name of the agent as his own. In such case the fact that the agent signs a name which is identical with his own does not cause him to be a party if it was understood that the name so signed is the business name of the principal."

We conclude that the evidence offered by defendant, and taken subject to objection, should have been considered by the county court. Standing without dispute it would com-

pel a finding that the buyer referred to in the contract was George P. Britz, Jr., and judgment dismissing the complaint would follow. It would appear that plaintiff was willing to rest its case upon the present record without attempting to controvert the evidence taken subject to its objection. We make no direction, however, to the county court which would preclude it from reopening the testimony if, upon proper application, it saw fit, in its discretion, to do so.

*By the Court.*—Judgment reversed; cause remanded for further proceedings not inconsistent with the opinion filed herein.

MARTIN, C. J., took no part.